USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/05/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
In re Application of ACCENT DELIGHT
INTERNATIONAL LTD. and XITRANS FINANCE LTD.
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings
------------------------------------------------------------------------------x

16-MC-125 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      In this proceeding, familiarity with which is presumed, Petitioners Accent Delight International Ltd. and Xitrans Finance Ltd. ("Petitioners") apply, pursuant to Title 28, United States Code, Section 1782, for an order authorizing discovery for use in certain foreign proceedings. Before granting an application pursuant to Section 1782, a court must find that three statutory requirements are satisfied: "that (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery be for use in a foreign proceeding before a foreign tribunal, and (3) the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (internal quotation marks omitted). If those requirements are met, Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise that discretion, a district court should consider: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264-65.

      In this case, Petitioners seek discovery from Sotheby's and three individuals, Warren Adelson, Alexander Parish, and Robert Simon (the "Individual Respondents"), in connection

with two foreign proceedings: a criminal investigation in Monaco and a civil suit in Singapore.[1] The question of whether discovery should be authorized in connection with the suit in Singapore is complicated by the fact that the case is on appeal from denial of a motion to dismiss on *forum non conveniens* grounds and that all proceedings have been stayed pending that appeal. (Docket No. 47 ("Intervenors' Opp'n Ltr."), at 2 & Ex. A). Meanwhile, the question of whether discovery should be authorized in connection with the proceeding in Monaco is complicated by the fact that Petitioners previously disclaimed any intent to "proceed with and/or make and/or lodge any civil claim or petition for indemnification of financial losses . . . in the captioned proceedings or in any other proceedings in Monaco." (Docket No. 20, Ex. 3). In light of those complications, the Court previously deferred decision on Petitioners' application, ordering the parties to "promptly update the Court regarding any material changes in either the Monaco or Singapore proceedings." (Docket No. 39). On September 6, 2016, Petitioners did so, submitting an August 5, 2016 letter from the investigating magistrate in Monaco stating that it is "perfectly permissible" for Petitioners, as "civil parties," to "take part in the discovery of the truth in the investigative proceeding being conducted" and, to that end, that Petitioners "may submit any documents" they "deem useful to that effect," including the "information" Petitioners seek pursuant to their application in this Court. (Docket No. 43 ("Pets.' Section 1782 Ltr."), Ex. 2 ("Magistrate's Ltr.")). Petitioners argue that, in light of that letter, Section 1782's "interested person" and "for use" requirements are met and that their application should be granted. (*See* Pets.' Section 1782 Ltr.; *see also* Docket No. 49). Intervenors Yves Bouvier and MEI Invest Ltd. ("Intervenors") and the Individual Respondents contend that the investigating magistrate's

---

[1] By prior Order, the Court granted limited discovery with respect to a third proceeding, in Paris, France. (Docket No. 39; *see also* Docket No. 41, at 2-3, 35). That proceeding is no longer relevant to Petitioners' application.

letter "does not change" anything and that Petitioners still "do not satisfy the statutory and discretionary factors with respect to the Monaco proceedings." (Intervenors' Opp'n Ltr. 3, 4; *see also* Docket No. 48).

Upon review of all the submissions (Docket Nos. 1, 2, 21, 28, 30, 33, 35, 43, 47, 48 & 49), the Court agrees with Petitioners. Starting with Section 1782's statutory factors, the only issues in dispute with respect to the Monaco proceeding are whether Petitioners qualify as "interested person[s]" and whether the discovery sought is "for use" in the proceedings. (Docket No. 21 ("Intervenors' Opp'n Mem."), at 16-18; Intervenors' Opp'n Ltr., at 3-4). "[W]hile the 'interested person' and 'for use' requirements are independent, there is considerable overlap between them." *KPMG*, 798 F.3d at 118. That is, a petitioner can satisfy both requirements by demonstrating an "ability to use the evidence it [seeks] in the U.S. courts before the foreign administrative tribunal and courts by submitting the evidence to the investigating agency in the foreign proceedings." *Id.*; *see also Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) ("The plain meaning of the phrase 'for use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding . . . ."); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 83 (2d Cir. 2012) (suggesting that the "for use" requirement is met as long as "there are circumstances under which" the foreign tribunal "could hear" the evidence — "regardless of how narrow those circumstances might be"). In light of the investigating magistrate's August 5, 2016 letter, Petitioners have made that showing. That letter makes plain that, notwithstanding Petitioners' disclaimer of the right to seek damages in the Monaco proceedings, they remain "civil parties" in those proceedings and, in that capacity, it is "perfectly permissible" for them to "submit" evidence to the investigating magistrate, including the "information" that Petitioners are seeking through their application here. (Magistrate's Ltr.

1).  That is enough to satisfy the statutory requirements.  *See In re Berlamont*, No. 14-MC-190 (JSR), 2014 WL 3893953, at *1 (S.D.N.Y. Aug. 4, 2014) (stating that "[a] complaining witness's presentation of evidence to an investigating magistrate satisfies the 'for use' prong of § 1782" and finding the prong was met where a foreign prosecutor stated that the discovery was "of great usefulness" to his "inquiry" (internal quotation marks omitted)), *aff'd by In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456 (2d Cir. 2014).

In arguing otherwise, Intervenors and the Individual Respondents rely heavily on *KPMG*, in which the Second Circuit held that investors in certain foreign instruments (the "Funds") failed to satisfy the "for use" requirement where, at most, they were able to show that they would be able to furnish the information to a party in a foreign proceeding (in essence, a trustee for all investors in the instruments) "*in the hope* that it might be used." 798 F.3d at 121.  That decision, however, turned on the fact that the Funds were one step removed from the foreign proceedings; they were not themselves parties to the proceedings and they had no right to submit evidence directly to the tribunal.  The Funds' ability to pass along information to the party prosecuting the case, the Court reasoned, was

> no different from a third party providing information to a private litigant that it believes might be useful in a lawsuit, or a witness approaching a prosecutor's office claiming to have knowledge of a crime.  Such information might be relevant or interesting to the recipient, but it is not 'for use' in any proceeding in which the *recipient* is a party unless the recipient takes some further, independent action to introduce it.

*Id.*  Here, by contrast, the investigating magistrate's letter confirms that Petitioners are, themselves, "civil parties" in the Monaco proceedings and that, regardless, they have the ability to submit evidence directly to the tribunal.  (*See* Magistrate's Ltr. 1).  Thus, *KPMG* is distinguishable.

The discretionary factors also favor Petitioner's application given, among other things, that the parties from whom the discovery is sought are not participants in the Monaco proceedings and that the investigating magistrate has expressly indicated his receptivity to the information sought by Petitioners.  *See, e.g.*, *In re Application of Hornbeam Corp.*, No. 14-MC-424 (Part I), 2014 WL 8775453, at *4 (S.D.N.Y. Dec. 24, 2014) (finding the discretionary factors favored the petitioner under analogous circumstances).  In arguing otherwise, Intervenors and the Individual Respondents rest primarily on the fourth factor — whether the request is unduly intrusive or burdensome — but their arguments are unpersuasive.  The Individual Respondents themselves do not dispute that they possess a "relatively modest" number of plainly responsive documents.  (Docket No. 28, at 6).  And while they assert in conclusory fashion that Sotheby's "imposed" upon them "significant confidentiality and notice obligations" (*id.*), they present no actual evidence of such obligations, let alone evidence that the obligations would be breached if they were ordered to produce materials pursuant to a court order and subject to an appropriate protective order.  (Notably, Sotheby's, which has appeared in this matter, does not oppose an order requiring the Individual Respondents to provide the materials sought.)  Intervenors' protestations with respect to the discovery sought from Sotheby's ring hollow as well, particularly in light of Sotheby's willingness to comply and Petitioners' "consent to an appropriate protective order."  (Docket No. 30 ("Pets.' Reply"), at 17).

For the foregoing reasons, Petitioners' application is GRANTED.  Two final issues require brief discussion.  First, Intervenors request that any discovery be limited to documents located within the United States as of the date of Petitioners' application.  (Intervenors' Opp'n Mem. 24-25).  That argument seems academic, as Petitioners state that "the documents [they] seek are in this District."  (Pets.' Reply 16).  In any event, the Court declines to limit the reach of

5

any subpoenas at this time because the entity that will actually be required to produce the materials (Sotheby's) raises no such argument despite appearing in this matter. *See, e.g.*, *In re Edelman*, 295 F.3d 171, 181 (2d Cir. 2002) ("Congress planned for district courts to exercise broad discretion over the issuance of discovery orders pursuant to § 1782(a) — both over whether to grant a discovery order and, if so, what limits to place on that discovery"); *In re Application of Gemeinshcaftspraxis Dr. Med. Schottodorf*, No. M19-CIV-88 (BSJ), 2006 WL 3844464, at *1, *8 (S.D.N.Y. Dec. 29, 2006) ("These requests appear to be sufficiently tailored to the litigation issues for which production is sought. The fact that the documents are located abroad, itself, is of little concern. They can easily be shipped to McKinsey's headquarters in New York (or perhaps accessed electronically), and McKinsey does not contend otherwise.").

Second, Intervenors contend that the use and disclosure of any subpoenaed documents should be limited to the foreign proceeding for which it has been authorized. (Intervenors' Opp'n Mem. 25). But Intervenors' hinge this argument on wholly inapposite precedent. *See, e.g.*, *Jiangsu S.S. Co. v. Success Superior Ltd.*, No. 14-CIV-9997 (CM), 2015 WL 3439220, at *1, *5 (S.D.N.Y. Feb. 5, 2015) (denying as "premature" discovery requested under Section 1782 to aid in the enforcement of a not-yet-decided arbitration award, where there were "real" concerns that Section 1782 was "being invoked as a subterfuge, to mask some extra-statutory purpose" and possibly to "troll[] for assets in U.S. institutions" before deciding whether to initiate arbitration in the first place); *In re Asia Mar. Pac. Ltd.*, No. 15-CIV-2760 (VEC), 2015 WL 5037129, *1, *5 n.6 (S.D.N.Y. Aug. 26, 2015) (listing cases, including *Jiangsu*, in which discovery requests have been denied as "fishing expeditions"); *id*. at *3 (denying discovery where "the subpoenas would direct sixteen large banks to conduct broad searches for information when the [p]etitioner has provided *no* basis to believe that [the respondent] every transacted

6

business through any particular bank"). Here, the Monaco litigation is well underway and there is no basis to suspect Petitioners' of engaging in a fishing expedition or any other subterfuge. Additionally, Petitioners consent to a protective order to address any confidentiality concerns. (Pets.' Reply 17). Accordingly, the Court declines to limit the use of the discovery to the Monaco proceedings. The parties, however, shall confer and submit to the Court, within one week of this Memorandum Opinion and Order, a proposed protective order (or orders) governing disclosure of the discovery.

The Clerk of Court is directed to terminate Docket No. 1.

SO ORDERED.

Date: October 5, 2016
New York, New York

JESSE M. FURMAN
United States District Judge