Letter of Daniel W. Levy,
dated October 30, 2016

# Revised Exhibit A

1260686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Dkt. No. 16 Misc. 125<br><br>PROTECTIVE ORDER |

JESSE M. FURMAN, United States District Judge:

**WHEREAS**, on March 25, 2016, Petitioners Accent Delight International Ltd. and Xitrans Finance Ltd. ("Petitioners") filed an application for an Order under 28 U.S.C. § 1782 (the "Petition") to serve subpoenas to obtain documents (the "Subpoenas"), for use in legal proceedings currently pending in France, Monaco, and Singapore;

**WHEREAS**, on October 5, 2016, the Court issued an Order granting Petitioners' application in part and, after a further hearing conducted on October 19, 2016, in which the Court ordered various limitations with respect to the application, ordering the parties to confer and submit a proposed protective order or orders governing use of material obtained pursuant to the application;

**WHEREAS,** the documents and information to be produced by Respondents Sotheby's, Warren Adelson, Alexander Parish, and Robert Simon (collectively, "Respondents") may be used only for certain specified legal proceedings in which Petitioners and Intervenors Yves Bouvier and MEI Invest Ltd. (collectively, Intervenors") are involved;

**WHEREAS**, to the extent that not otherwise ordered by the Court, discovery under 28 U.S.C. § 1782 is to be conducted in accordance with the Federal Rules of Civil Procedure, and good cause exists for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c);

**WHEREAS**, all terms herein in ALL CAPS refer to the terms as defined in the Subpoenas.

**NOW, THEREFORE**, it is hereby ORDERED THAT,

1. **PURPOSES AND LIMITATIONS**

    1.1.    This Protective Order is intended to cover all documents and information produced or disclosed pursuant to the Subpoenas.

    1.2.    In response to the Subpoena, Sotheby's shall produce within a reasonable period of time, but not to exceed thirty (30) days: (a) all DOCUMENTS (other than COMMUNICATIONS, which shall be governed by (b) below) in its custody and control concerning the WORKS, provided that such DOCUMENTS are part of the contracts, discussions, transactions, valuations or other actual or potential business between Sotheby's and YVES BOUVIER (except that Sotheby's shall not be required to produce internal Sotheby's DOCUMENTS, which internal Sotheby's DOCUMENTS include, but are not limited to, DOCUMENTS exchanged with individuals or entities other than YVES BOUVIER); and (b) all COMMUNICATIONS in its custody and control between Sotheby's Vice Chairman of Private Sales Worldwide, Samuel Valette, and YVES BOUVIER, which COMMUNICATIONS concern the WORKS.

    1.3.    Petitioners reserve all rights to seek additional discovery from Sotheby's in a subsequent proceeding under 28 U.S.C. § 1782 or in any form or forum that they believe is appropriate. Sotheby's reserves all rights to oppose any subsequent proceeding that may be brought pursuant to 28 U.S.C. § 1782, or to object to any further request for production, on any grounds available to Sotheby's under the Federal Rules of Civil Procedure or any other applicable law.

1.4. Nothing in this Protective Order shall require Adelson, Parish, or Simon to produce or disclose any document or information that is not otherwise required by the Subpoenas.

## 2. DEFINITIONS

2.1. <u>Proceedings:</u> For the purposes of this Protective Order, the term "Proceedings" or a "Proceeding" means one or both of the following proceedings: (a) Dossier n° JI n° Cab 1/15/04, PG n° 2015/000039 (Principality of Monaco); and (b) Accent Delight Int'l Ltd. and Xitrans Finance Ltd. v. Bouvier, MEI Invest Ltd., and Rappo, HC/S 236/2015 (High Court of the Republic of Singapore), and Civil Appeal No. 113 of 2016 (Court of Appeal of Singapore).

2.2. <u>Party(ies)</u>: Respondents, Petitioners, and Intervenors.

2.3. <u>Discovery Material</u>: All documents or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or disclosed by any Respondent pursuant to the Subpoenas.

2.4. <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

2.5. <u>Producing Party</u>: A Party that produces Discovery Material.

2.6. <u>Qualified Persons</u>: (i) Parties, counsel for the Parties in the Proceedings, employees of counsel for the Parties in the Proceedings; (ii) individual employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary for use in any of the Proceedings; (iii) this Court, the courts before which the Proceedings are pending, and the investigating magistrate overseeing Dossier n°

JI n° Cab 1/15/04, PG n° 2015/000039 (Principality of Monaco); (iv) court reporters and recorders engaged for depositions, investigations, trial, and appellate or other matters as part of the Proceedings; (v) those persons specifically engaged in connection with the Proceedings for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (vi) consultants, advisors or experts retained by the Parties in connection with the Proceedings, but only after the proposed expert or consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (vii) witnesses at depositions, trial, or other proceedings, all in connection with the Proceedings, to whom disclosure is reasonably necessary, except such witnesses shall not retain a copy of documents containing Discovery Material, except in connection with review of any transcript associated with the Proceedings; (viii) the author or recipient of the document (not including a person who received the document pursuant to the Subpoenas); and (x) other persons only by written consent of Respondents and Intervenors, or upon order of the Court, and on such conditions as may be agreed by Petitioners, Respondents, and Intervenors. Qualified Persons do not include any reporter or member of the press, whether print, television, radio, Internet, or other medium, and under no circumstances shall Discovery Material be provided by any Receiving Party to any reporter or member of the press.

**3. SCOPE**

    3.1.    The protections conferred by this Protective Order cover not only Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Discovery Material.

**4. DURATION**

    4.1.    Following the conclusion or termination of the Proceedings, the obligations imposed by this Protective Order shall remain in effect until Respondents and Intervenors agree otherwise, in writing, or an order of the Court otherwise directs.

    4.2.    This Court will retain jurisdiction to enforce this Protective Order and resolve any disputes arising hereunder.

**5. USE OF DISCOVERY MATERIAL**

    5.1.    Discovery Material shall be used only in the Proceedings and made available only to those persons identified as Qualified Persons in Paragraph 2.8 above. No Discovery Material shall be permanently retained or stored at the offices or facilities of the Receiving Party after the conclusion of all of the Proceedings. In the event that any Qualified Person ceases to engage in the litigation of the Proceedings, access by such person to the Discovery Material shall be terminated, and the provisions of this Protective Order shall otherwise remain in full force and effect as to such Qualified Person. Nothing herein shall prevent or in any way limit the dissemination, use, or disclosure of any documents or information that is in the public domain, obtained through means other than the Petition filed in the above-captioned action, or otherwise known by any of the Parties.

5.2. Nothing in this Protective Order shall prevent a Party from using any Discovery Material in a hearing, trial, proceeding, investigation, or appeal in a Proceeding. To the extent permissible under applicable law, any Party may request of the tribunals before which the Proceedings are pending that those portions of the Proceedings, or access to the transcripts of the Proceedings in which Discovery Material is to be disclosed, be restricted to court personnel and Qualified Persons. Nothing in this Protective Order shall be construed to waive a Party's right to oppose any such request to restrict disclosure in, or public access to, the Proceedings.

5.3. Nothing in this Protective Order is intended to limit in any respect any claims that Petitioners, Respondents, and/or Intervenors may have against one another.

5.4. The limitations on the use of Discovery Material in this Protective Order are without prejudice to an application by Petitioners to this Court, on notice to Respondents and Intervenors, to use Discovery Material in other legal proceedings or for other purposes and the terms for the use of such Discovery Material, including entry of an appropriate protective order. Any such application shall be filed under seal if it contains or refers to Discovery Material.

5.5 Nothing in this Protective Order shall confer upon Respondents any right to receive Discovery Material, or confer upon any other party any obligation to disclose Discovery Material to Respondents. In no event shall Petitioners or Intervenors provide or disclose the Discovery Material produced by Sotheby's pursuant to Section 1.2 to Respondents Adelson, Parish, or Simon; nor shall Petitioners or Intervenors provide or disclose to Sotheby's any document or information obtained from Respondents Adelson, Parish, or Simon in response to the Subpoena.

## 6. OTHER PERMISSIBLE DISCLOSURES OF DISCOVERY MATERIAL

6.1. Nothing in this Protective Order shall prevent disclosure of Discovery

Material beyond the terms of this Protective Order if (i) all Party(ies) consent to such disclosure, (ii) this Court, upon notice to Respondents and Intervenors, orders such disclosure; or (iii) if a Receiving Party becomes obligated to disclose the information in response to a lawful subpoena issued by a court of competent jurisdiction, order of a court of competent jurisdiction, or other legal process issued by a court of competent jurisdiction, provided that the Receiving Party gives written notice and a copy of the subpoena, order, or process to counsel for Respondents and Intervenors within three (3) business days of receiving such subpoena, request, or process. The Receiving Party shall not produce the subpoenaed information sooner than fourteen (14) days after providing written notice to the Respondents and Intervenors, unless such lawful subpoena, court order, or other legal process pursuant to which the Receiving Party is responding requires production in fewer than fourteen (14) days.

6.2.    Upon a Receiving Party's receipt of such lawful subpoena, court order, or other legal process requiring the disclosure of Discovery Material, the Receiving Party must immediately inform in writing the non-party who caused the subpoena, document request, or order to issue that some or all the material covered by the subpoena, document request, or order is the subject of this Protective Order. The Receiving Party must deliver a copy of this Protective Order promptly to the non-party that caused such subpoena, document request, or order to issue.

6.3.    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford Respondents and Intervenors an opportunity to try to protect its confidentiality interests in the court of competent jurisdiction from which such subpoena or order issued.

**7. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7.1. If a Receiving Party is informed or learns that, by inadvertence or otherwise, it has disclosed Discovery Material to any person other than a Qualified Person, or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (i) notify in writing Respondents and Intervenors of the unauthorized disclosures and identify to the Respondents and Intervenors the person to whom the unauthorized disclosure has been made, (ii) use its best efforts to retrieve and destroy all copies of the Discovery Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**8. FINAL DISPOSITION**

8.1. Unless otherwise ordered by the Court or agreed in writing by the Respondents and Intervenors, within sixty (60) days after the final termination of all of the Proceedings, each Receiving Party must destroy all Discovery Material. As used in this subdivision, "all Discovery Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Discovery Material. Upon destruction, the Receiving Party must submit to Respondents and Intervenors a written certification affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Discovery Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery

Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Protective Order.

SO ORDERED:

_____
JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Dated:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Dkt. No. 16 Misc. 125 |

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that I have read the Protective Order dated October \_\_, 2016 entered between the parties to the above-captioned action (the "Protective Order"), and that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5. I hereby acknowledge that, pursuant to the Protective Order, I may receive or have already received information Discovery Material under the terms of the Protective Order, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I agree not to reveal any Discovery Material or any notes containing Discovery Material to anyone not authorized to receive such information pursuant to the terms of the Protective Order, and I agree not to use, directly or indirectly, or allow the use of any Discovery Material, for any purpose other than directly associated with my duties in the Proceedings (as defined in the Protective Order).

6. I understand that I am required to retain all copies of the materials that I receive or have received which contain or reflect Discovery Material in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all copies of any such materials are to remain in my custody until the conclusion of all of the Proceedings and my duties associated therewith, whereupon the copies are to be destroyed or

returned to the Producing Party (as defined in the Protective Order). Such return or destruction shall not relieve me from the obligations imposed upon me by the Protective Order.

7. I further agree to notify any support staff or personnel (such as paralegals, administrative assistants, secretaries, and clerical or administrative staff) who are necessary to assist me of the terms of the Protective Order and of their obligation not to reveal any Discovery Material to anyone not authorized to receive such information pursuant to the terms of the Protective Order.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York in any proceeding arising from my performance under, compliance with, or violation of the Protective Order. **I further recognize that, if I violate the Protective Order in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.**

Signature: _____
Name:      _____
Date:      _____