Case 1:16-mc-00125-JMF   Document 84   Filed 11/01/16   Page 1 of 15

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/01/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Dkt. No. 16 Misc. 125<br><br>PROTECTIVE ORDER |

JESSE M. FURMAN, United States District Judge:

**WHEREAS**, on March 25, 2016, Petitioners Accent Delight International Ltd. and Xitrans Finance Ltd. ("Petitioners") filed an application for an Order under 28 U.S.C. § 1782 (the "Petition") to serve subpoenas to obtain documents (the "Subpoenas"), for use in legal proceedings currently pending in France, Monaco, and Singapore;

**WHEREAS**, on October 5, 2016, the Court issued an Order granting Petitioners' application and ordering the parties to confer and submit a proposed protective order or orders governing disclosure of the discovery;

**WHEREAS**, on October 19, 2016, the Court held a conference at which it made certain rulings concerning the scope, use, and timing of discovery pursuant to the Subpoenas, and again ordered the parties to confer and submit a proposed protective order or orders governing discovery;

**WHEREAS,** certain of the documents and information to be produced by Respondents Sotheby's, Warren Adelson, Alexander Parish, and Robert Simon (collectively, "Respondents") may reflect information that one or more parties assert is confidential, and therefore requires special protection from public disclosure;

**WHEREAS**, to the extent not otherwise ordered by the Court, discovery under 28 U.S.C. § 1782 is to be conducted in accordance with the Federal Rules of Civil Procedure, and good cause exists for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c);

**WHEREAS**, all terms herein in ALL CAPS refer to the terms as defined in the Subpoenas.

**NOW, THEREFORE**, it is hereby ORDERED THAT,

**1. PURPOSES AND LIMITATIONS**

1.1. This Protective Order is intended to cover documents and information produced or disclosed pursuant to the Subpoenas. The parties acknowledge that this Protective Order does not confer blanket confidentiality protections on all documents and information that are produced or disclosed pursuant to the Subpoenas, and that the confidentiality protection it affords extends only to the documents or information that are designated as confidential in accordance with the provisions herein.

1.2. As ordered by the Court at the October 19, 2016 conference, Sotheby's obligation to produce documents or information in response to the Subpoena is limited to the following (the "Sotheby's Production"): (a) all DOCUMENTS (other than COMMUNICATIONS, which shall be governed by (b) below) in its custody and control concerning the WORKS, provided that such DOCUMENTS are part of the contracts, discussions, transactions, valuations or other actual or potential business between Sotheby's and YVES BOUVIER (except that Sotheby's shall not be required to produce internal Sotheby's DOCUMENTS, which internal Sotheby's DOCUMENTS include, but are not limited to, DOCUMENTS exchanged with individuals or entities other than YVES BOUVIER); and (b) all COMMUNICATIONS in its custody and control between Sotheby's Vice Chairman of Private Sales Worldwide, Samuel Valette, and YVES BOUVIER, which COMMUNICATIONS concern the WORKS.

1.3. Sotheby's production of documents and information in accordance with

Paragraph 1.2 shall be deemed a complete response to the Subpoena on the part of Sotheby's.

1.4. Petitioners reserve all rights to enforce Sotheby's obligation to produce documents and information in accordance with Paragraph 1.2. Petitioners further reserve all rights to seek additional discovery from Sotheby's in a subsequent proceeding under 28 U.S.C. § 1782 or in any form or forum that they believe is appropriate, in which case Sotheby's will not rely on this Protective Order as limiting the use of any materials produced in future proceedings, nor will Sotheby's rely on this Protective Order as limiting any future discovery requested. Sotheby's reserves all other rights to oppose any subsequent proceeding that may be brought pursuant to 28 U.S.C. § 1782, or to object to any further request for production, on any grounds available to Sotheby's under the Federal Rules of Civil Procedure or any other applicable law.

1.5. Nothing in this Protective Order shall require Respondents Adelson, Parish, or Simon to produce or disclose any document or information that is not otherwise required by the Subpoenas.

1.6. As ordered by the Court at the October 19, 2016 conference, the return dates of the Subpoenas shall be seven (7) days from the entry of this Protective Order.

**2. DEFINITIONS**

2.1. <u>Proceedings:</u> For the purposes of this Protective Order, the term "Proceedings" or a "Proceeding" means the legal proceedings in France, Monaco, and Singapore described in Paragraph 2 of the Petition (namely, (a) Dossier n° JI n° Cab 1/15/04, PG n° 2015/000039 (Principality of Monaco); (b) Accent Delight Int'l Ltd. and Xitrans Finance Ltd. v. Bouvier, MEI Invest Ltd., and Rappo, HC/S 236/2015 (High Court

of the Republic of Singapore), and Civil Appeal No. 113 of 2016 (Court of Appeal of Singapore); and (c) N° du Parquet 1506500856, N° Instruction 2211/15/23 (Tribunal de Grande Instance de Paris)), or any other legal proceeding for which this Court grants Petitioners leave to use Discovery Material in accordance with Paragraph 5.2 below.

2.2. <u>Party(ies)</u>: Respondents, Petitioners, Intervenors, and the parties to, and participants in, the Proceedings, including their officers, directors, employees, corporate parents, subsidiaries, affiliates, consultants, retained experts, legal counsel, and all support staff thereof.

2.3. <u>Discovery Material</u>: All documents or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or disclosed by any Respondent pursuant to the Subpoenas.

2.4. <u>Confidential Material</u>: Any document or information that reflects or contains (i) information that a Respondent or Intervenor is bound to maintain in confidence pursuant to a confidentiality agreement, contractual provision, or court order; or (ii) trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients; or (iii) private personal information pursuant to Federal Rule of Civil Procedure 5.2(a).

2.5. <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

2.6. <u>Producing Party</u>: A Party that produces Discovery Material.

2.7. <u>Designating Party</u>: A Party that designates Discovery Material as Confidential Material, pursuant to Section 7, below.

2.8. <u>Qualified Persons</u>: (i) Parties, counsel for the Parties, employees of counsel for the Parties; (ii) individual employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary for use in any of the Proceedings; (iii) this Court, the courts and investigating magistrates overseeing the Proceedings, authorities conducting investigations as part of the Proceedings, and mediators, experts, consultants, or arbitrators appointed by these courts in connection with any of the Proceedings; (iv) court reporters and recorders engaged for depositions, investigations, trial, and appellate or other matters as part of any of the Proceedings; (v) those persons specifically engaged in connection with any of the Proceedings for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (vi) consultants, advisors or experts retained by the Parties in connection with any of the Proceedings, but only after the proposed expert or consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (vii) witnesses at depositions, trial, or other proceedings, all in connection with any of the Proceedings, to whom disclosure is reasonably necessary, except such witnesses shall not retain a copy of documents containing Confidential Material, except in connection with review of any transcript associated with the Proceedings; (viii) the author or recipient of the document (not including a person who received the document in the course of litigation); (ix) authorities and courts presiding over the Proceedings; and (x) other persons only by written consent of the Producing Party and Designating Party, or upon order of the Court, and on such conditions as may be agreed or

ordered.

## 3. SCOPE

3.1. The protections conferred by this Protective Order cover not only Discovery Material and Confidential Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Discovery Material and Confidential Material.

## 4. DURATION

4.1. Following the conclusion or termination of the Proceedings, the confidentiality obligations imposed by this Protective Order with respect to Confidential Material shall remain in effect until the Producing Party and Designating Party(ies) of such Confidential Material agree otherwise, in writing, or an order of a court otherwise directs.

4.2. This Court will retain jurisdiction to enforce this Protective Order and resolve any disputes arising hereunder.

## 5. USE OF DISCOVERY MATERIAL

5.1. Subject to the reservations of rights in Paragraphs 1.4 and 5.2, Discovery Material shall be used exclusively in the Proceedings. Accordingly, a Receiving Party shall not provide or disclose Discovery Material to the general public, including any reporter or member of the press.

5.2. The limitations on the use of Discovery Material in this Protective Order are without prejudice to an application by Petitioners to this Court, on notice to Respondents and Intervenors, to use Discovery Material in other legal proceedings. Petitioners shall seek to file any such application under seal or with redactions narrowly tailored to address the material in

question, in accordance with the procedures set forth in this Court's Individual Rules and Practices for Civil Cases. The Court will make a determination of whether any such papers can remain sealed or redacted on a document-by-document basis in light of the presumption in favor of public access to judicial documents.

5.3. Nothing in this Protective Order shall confer upon Respondents any right to receive Discovery Material, or confer upon any other party any obligation to disclose Discovery Material to Respondents. Except as otherwise provided in Paragraph 6.2 and Section 9 below, in no event shall Petitioners or Intervenors provide or disclose the Sotheby's Production to Respondents Adelson, Parish, or Simon; nor shall Petitioners provide or disclose to Sotheby's or Intervenors any document or information obtained from Respondents Adelson, Parish, or Simon in response to the Subpoenas.

## 6. USE OF CONFIDENTIAL MATERIAL

6.1. Confidential Material shall be made available only to those persons identified as Qualified Persons in Paragraph 2.8 above. Access to Confidential Material shall be permitted only to persons having access thereto under the terms of this Protective Order. No Confidential Material shall be permanently retained or stored at the offices or facilities of the Receiving Party after the conclusion of all of the Proceedings. In the event that any Qualified Person ceases to engage in the litigation of the Proceedings, access by such person to the Confidential Material shall be terminated, and the provisions of this Protective Order shall otherwise remain in full force and effect as to such Qualified Person. Nothing herein shall prevent or in any way limit the dissemination, use, or disclosure of any documents or information that is in the public domain, obtained through means other than disclosure pursuant to the Subpoenas, or otherwise known by any of the Parties.

6.2. Nothing in this Protective Order shall prevent a Party from using any Confidential Material in a hearing, trial, proceeding, investigation, or appeal in a Proceeding. To the extent permissible under applicable law, any Party may request of the tribunals before which the Proceedings are pending that those portions of the Proceedings, or access to the transcripts of the Proceedings in which Confidential Material is to be disclosed, be restricted to court personnel and Qualified Persons. Nothing in this Protective Order shall be construed to waive a Party's right to oppose any such request to restrict disclosure in, or public access to, the Proceedings.

6.3. Nothing in this Protective Order is intended to limit in any respect any claims that Petitioners, Respondents, and/or Intervenors may have against one another.

## 7. DESIGNATING CONFIDENTIAL MATERIAL

7.1. <u>Manner and Timing of Designations</u>. The Producing Party may designate as Confidential Material any Discovery Material (or copies thereof) that qualifies for protection under this Protective Order and meets the definition of Confidential Material herein, at any time at or before the production of such material. Discovery Material may be designated as Confidential Material by affixing to each page or electronic file to which the designation applies the legend "CONFIDENTIAL," "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER," or other similar designation.

7.2. <u>Review Period for Sotheby's Discovery Material</u>. Sotheby's shall produce the Sotheby's Production to Petitioners and Intervenors simultaneously. Both Petitioners and Intervenors shall be deemed Receiving Parties of the Sotheby's Production. All Receiving Parties shall treat the Sotheby's Production as Confidential Material in its entirety for a period of fourteen (14) days after it is produced (the "Review Period"). During the Review

Period, a Receiving Party may designate as Confidential Material any Discovery Material (or copies thereof) that qualifies for protection under this Protective Order, meets the definition of Confidential Material herein, and has not already been designated as Confidential Material by Sotheby's.  During the Review Period, a Receiving Party may also designate as Confidential Material any Discovery Material (or copies thereof) that qualifies for protection under this Protective Order, meets the definition of Confidential Material, and has already been so designated by Sotheby's.  In the event that Sotheby's and a Receiving Party both designate Discovery Material as Confidential Material, both shall be deemed Designating Parties under this Protective Order.

      7.3.    <u>Inadvertent Production or Failure to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  In the event that a Designating Party inadvertently fails to assign the proper designation to any document or thing qualifying for designation as Confidential Material, the Designating Party shall identify such document or thing promptly after its designation error is discovered and shall provide a copy of such document or thing with the proper designation to counsel for the Receiving Party(ies), upon receipt of which the Receiving Party(ies) shall promptly return or destroy all copies of the document or thing in its previously undesignated or misdesignated form.  Upon written request by the Designating Party, the Receiving Party(ies) will provide written verification of compliance with this provision.

      7.4.    Regardless of whether Discovery Material is designated as Confidential Material, the Producing Party may redact or withhold personal identifying information from

Discovery Material located outside the United States to the extent required to comply with the data privacy laws of the European Union.  In the event responsive information is required to be redacted or withheld on such grounds, the redacted or withheld information shall be identified by the Producing Party in a log, to be produced concurrently with the redacted Discovery Material or as soon thereafter as practicable.

## 8.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1. Timing of Challenges.  Any challenge to a Designating Party's confidentiality designation shall be made as promptly as the circumstances permit.  A Party that unnecessarily delays making a challenge may be found to have waived its right to challenge a confidentiality designation.

8.2. Meet and Confer.  A Party wishing to challenge a Designating Party's confidentiality designation shall begin the process by conferring directly with counsel for the Designating Party.  The challenging Party must explain why it believes the confidentiality designation is improper.  Absent emergency circumstances, the Designating Party shall have five (5) days in which to review the designated material and either re-designate the material or to explain the basis for the chosen designation.  A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party.

8.3. Judicial Intervention.  If the Parties are unable to informally resolve a challenge to a particular designation, the challenging Party may file and serve a motion in this Court that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the

preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. A party filing such a motion shall seek to file it under seal or with redactions narrowly tailored to address the material in question, in accordance with the procedures set forth in this Court's Individual Rules and Practices for Civil Cases. The Court will make a determination of whether the motion papers can remain sealed or redacted on a document-by-document basis in light of the presumption in favor of public access to judicial documents.

## 9. OTHER PERMISSIBLE DISCLOSURES OF CONFIDENTIAL MATERIAL

9.1. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if (i) the Designating Party(ies) consent to such disclosure, (ii) this Court, upon notice to the Designating Party(ies) and Intervenors, allows such disclosure; or (iii) if a Receiving Party becomes obligated to disclose the information in response to a lawful subpoena, court order, or other legal process, provided that the Receiving Party gives written notice and a copy of the subpoena, order, or process to counsel for the Designating Party(ies) within three (3) business days of receiving such subpoena, request, or process. The Receiving Party shall not produce the subpoenaed information sooner than fourteen (14) days after providing written notice to the Designating Party(ies), unless the lawful subpoena, court order, or other legal process pursuant to which the Receiving Party is responding requires production in fewer than fourteen (14) days.

9.2. Upon a Receiving Party's receipt of a lawful subpoena, court order, or other legal process requiring the disclosure of Confidential Material, the Receiving Party must

immediately inform in writing the non-party who caused the subpoena, document request, or order to issue that some or all the material covered by the subpoena, document request, or order is the subject of this Protective Order.  The Receiving Party must deliver a copy of this Protective Order promptly to the non-party that caused the subpoena, document request, or order to issue.

9.3.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party(ies) an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person other than a Qualified Person, or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (i) notify in writing the Designating Party(ies) of the unauthorized disclosures and identify to the Designating Party(ies) the person to whom the unauthorized disclosure has been made, (ii) use its best efforts to retrieve and destroy all copies of the Confidential Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. FINAL DISPOSITION

11.1.  Unless otherwise ordered or agreed in writing by the Designating Party(ies), within sixty (60) days after the final termination of all of the Proceedings, each Receiving Party must destroy all Confidential Material.  As used in this subdivision, "all Confidential

Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Material. Upon destruction, the Receiving Party must submit a written certification affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, discovery materials, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order.

SO ORDERED:

Dated: November 1, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Dkt. No. 16 Misc. 125 |

JESSE M. FURMAN, United States District Judge:

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____
   _____.

2. My present employer is _____,
   and the address of my present employment is _____
   _____.

3. My present occupation or job description is _____
   _____
   _____.

4. I hereby acknowledge that I have read the Protective Order dated October \_\_, 2016 entered between the parties to the above-captioned action (the "Protective Order"), and that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5. I hereby acknowledge that, pursuant to the Protective Order, I may receive or have already received information designated as Confidential Material under the terms of the Protective Order, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I agree not to reveal any Confidential Information or any notes containing Confidential Material to anyone not authorized to receive such information pursuant to the terms of the Protective Order, and I agree not to use, directly or indirectly, or allow the use of any Confidential Material, for any purpose other than directly associated with my duties in the Proceedings (as defined in the Protective Order).

6. I understand that I am required to retain all copies of the materials that I receive or have received which have been designated as containing or reflecting Confidential Material in a

container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all copies of any such materials are to remain in my custody until the conclusion of all of the Proceedings and my duties associated therewith, whereupon the copies are to be destroyed or returned to the Producing Party (as defined in the Protective Order). Such return or destruction shall not relieve me from the obligations imposed upon me by the Protective Order.

7. I further agree to notify any support staff or personnel (such as paralegals, administrative assistants, secretaries, and clerical or administrative staff) who are necessary to assist me of the terms of the Protective Order and of their obligation not to reveal any Confidential Material to anyone not authorized to receive such information pursuant to the terms of the Protective Order.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York in any proceeding arising from my performance under, compliance with, or violation of the Protective Order. **I further recognize that, if I violate the Protective Order in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.**

Signature: _____
Name:       _____
Date:       _____