# McKOOL SMITH

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

January 5, 2017

By ECF
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York  10007

Re: In re Application of Accent Delight International Ltd. and
Xitrans Finance Ltd. for an Order Pursuant to 28 U.S.C.
§1782 to Conduct Discovery for Use in Foreign Proceedings
16 Misc. 125

Dear Judge Furman:

Bouvier and MEI respectfully submit this letter in reply to the letter, dated January 4, 2017, from Petitioners and in response to the question raised *sua sponte* by the Court in its memo endorsement of yesterday.

Bouvier and MEI submit that the Court has the jurisdiction to enforce an order of the Court of Appeals granting a stay pending appeal.  Indeed, after the filing of a notice of appeal, the Court could issue its own stay to preserve the *status quo*.  *See, e.g., Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564-65 (2d Cir. 1991) ("after jurisdiction shifts to the court of appeals, a district court may issue orders that are "necessary to preserve the status quo pending the appeal"); *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, No. 04 Civ. 4991 (RJH), 2004 WL 2734562, at *2 (S.D.N.Y. Nov. 29, 2004) ("a district court may grant a stay of its own order in order to preserve the *status quo*, provided that it does not further adjudicate the underlying merits involved in the appeal").

Bouvier and MEI do not seek to have the Court adjudicate any matter presently on appeal (*e.g.*, whether the 1782 application should have been granted, in which proceedings may the discovery be used).  Such a request would run afoul of the holding of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal").

Rather, Bouvier and MEI only seek to have the Court interpret and implement the stay granted by the Court of Appeals, just as the Court might do with any other order of the Court of Appeals.  This is not "speculat[ion]," as Petitioners suggest.  It is the interpretation of rulings of the Court of Appeals in which District Courts routinely engage.

*McKool Smith*
*A Professional Corporation • Attorneys*
*Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC*

1286432

The Honorable Jesse M. Furman
January 5, 2017
Page 2

As to interpreting the December 14 Order, although brief, it is not unclear that it includes within the ambit of the stay the Court's Order granting the 1782 application. And on December 14, a three-judge panel of Court of Appeals on December 14 specifically expanded the relief to which Bouvier and MEI were entitled. They extended the stay to preclude use of the documents in Monaco. This was a rather targeted change from the limited relief provided by the one-judge panel on November 15. Under no reasonable interpretation of the December 14 Order could the Court of Appeals have meant that this expanded relief should have *no* practical effect. Requiring that Petitioners request that the Monaco investigating magistrate in Monaco remove the 1782 discovery from the dossier or, at the very least, that they not be accessed is relief to which Bouvier and MEI are more than reasonably entitled.

As for Petitioners' argument that the relief sought by Bouvier and MEI is "make-work with little practical purpose," Bouvier and MEI disagree. In seeking the stay, Bouvier and MEI argued, among other things, that they were irreparably harmed by Petitioners' obtaining and using discovery to which they were not entitled. Asking that the Monaco investigating magistrate remove the 1782 discovery from the dossier or, at the very least, that the documents not be accessed is neither "make-work" nor lacking in practical purpose.

The Court of Appeals did not grant Bouvier and MEI's stay motion until after Petitioners had already obtained and used that discovery in the Monaco proceeding following the ruling by the one-judge panel. Their ability to use the documents in Monaco was the result of the compressed timeframe in which Bouvier and MEI's motion was briefed and heard by the three-judge panel, as well as Petitioners' choice to immediately submit the discovery to the Monaco investigating magistrate, rather than await the conclusive resolution of Bouvier and MEI's stay motion. Given the end result of the motion practice before the Court of Appeals, their ability to use the documents in Monaco was a matter of fortuity.

Bouvier and MEI now respectfully seek the Court's assistance in remedying the harm that has already occurred in the full light of the end result ordered by the Court of Appeals. This is not a matter of "unwind[ing] history"; it is a matter of restoring Bouvier and MEI to the position they were in prior to the production of discovery, which is the purpose of the stay. *See Chevron Corp. v. Page*, 2011 WL 6267179, *2 (D. Md. Dec. 14, 2011) ("Given that the stay of production was granted, the Court rules that the status quo precludes Chevron from possessing the documents in question.").

Finally, on the other side of the ledger, granting the relief sought by Bouvier and MEI causes no harm to Petitioners beyond the minor inconvenience identified by them in their letter. And directing them to seek the removal of the documents from the Monaco criminal dosser causes no inconvenience whatsoever.

Respectfully submitted,

/s/

Daniel W. Levy

1286432

The Honorable Jesse M. Furman
January 5, 2017
Page 3

Cc: (by ECF)

    Daniel J. Kornstein, Esq.
    Douglas E. Lieb, Esq.
    O. Andrew F. Wilson, Esq.
    Emery Celli Brinckerhoff & Abady LLP
        Counsel for Petitioners Accent Delight
        International Ltd. and Xitrans Finance Ltd.

    Steven J. Comen, Esq.
    Henry C. Dinger
    Goodwin Procter LLP
        Counsel for Respondents Warren Adelson,
        Alexander Parish, and Robert Simon

    Marcus A. Asner, Esq.
    Sara L. Shudofsky, Esq.
    Arnold & Porter LLP
        Counsel for Respondent Sotheby's