UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of ACCENT DELIGHT
INTERNATIONAL LTD. and XITRANS FINANCE LTD.
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings.

No. 16 Misc. 125 (JMF)

**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO THE PROTECTIVE ORDER TO USE DOCUMENTS IN UNITED KINGDOM**

Petitioners are involved in several foreign proceedings concerning what they allege is the largest art fraud in history, in which their art buyer, Yves Bouvier, defrauded them of approximately $1 billion through the sale of 38 masterpieces by da Vinci, van Gogh, Picasso, and other renowned artists that he brokered on their behalf.  Petitioners allege that Bouvier handled all of the purchase negotiations on their behalf and abused their trust in him by mispresenting the artwork sale prices as far higher than they actually were, so that he could profit from the difference.

Petitioners previously obtained documents in discovery authorized by this Court pursuant to 28 U.S.C. § 1782 from Sotheby's and the sellers of one of the paintings.

Petitioners now move, pursuant to the Protective Order in effect, to use those previously obtained documents in connection with a new case they intend to file in the United Kingdom against Sotheby's UK, one of its employees, and Bouvier.  The Protective Order explicitly provided for this sort of motion by Petitioners and, on appeal, the Second Circuit held that Petitioners could use the documents in other proceedings so long as there was no evidence of bad faith.  There is no evidence of bad faith: Petitioners seek to bring claims against Sotheby's that they did not know they had until they obtained the documents in the prior § 1782 action before

this Court.  Petitioners' motion should be granted.

## BACKGROUND AND RELEVANT FACTS

Petitioners filed these proceedings pursuant to 28 U.S.C. § 1782 in the spring of 2016, seeking to obtain documents from Sotheby's and the sellers of a da Vinci painting.  Kornstein Decl. ¶ 4.

This Court granted Petitioners' § 1782 application and the Second Circuit affirmed.  *Id.* ¶¶ 5 & 9, Exs. A & C.

The documents produced ("Discovery Material") ███████████████████████ ███████████████████████████████████████ ███████████████████████████████████ ███████████████████████ *Id.* ¶ 12; Edwards Decl. ¶¶ 3-4, 10.

Petitioners want to use the Discovery Material in a forthcoming proceeding they intend to shortly file in the United Kingdom against Yves Bouvier, Sotheby's UK, and a Sotheby's employee named Samuel Valette who works in Sotheby's London office.  Kornstein Decl. ¶ 12; Edwards Decl. ¶ 6.

Petitioners' use of the Discovery Material is governed by a Protective Order.  Kornstein Decl. ¶ 6 & Ex. B.  The Protective Order limited the use of the Discovery Material to the then-pending proceedings in Monaco, France, and Singapore, but specifically provided that this was "without prejudice to an application by Petitioners to this Court, on notice to Respondents and Intervenors, to use Discovery Material in other legal proceedings."  *Id.*, Ex. B ¶ 5.2.

Petitioners now move pursuant to the Protective Order for permission to use the Discovery Material in the forthcoming U.K. proceedings.

# ARGUMENT

Petitioners' motion should be granted because the Second Circuit held that the Discovery Material could be used in other proceedings so long as there was no bad faith. There is no bad faith here— ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ Petitioners seek to use the Discovery Material to plead, prove and otherwise build their claims against Sotheby's, its employee, and Bouvier himself.

## I. The Second Circuit Held that the Discovery Material Could Be Used in Other Proceedings

The Protective Order anticipated that Petitioners might seek to use the Discovery Material in other legal proceedings and the Second Circuit held that they could do so.

The Protective Order contemplated that Petitioners might seek to use the Discovery Material obtained in further proceedings and directed them, in that event, to make "an application by Petitioners to this Court, on notice to Respondents and Intervenors, to use Discovery Material in other legal proceedings." Kornstein Decl., Ex. B ¶ 5.2. The forthcoming proceedings soon to be initiated in the United Kingdom constitute the very sort of "other legal proceedings" contemplated by the Protective Order. *Id.*

The Second Circuit rejected Bouvier's argument that the documents were limited in their use to Monaco, France, and Singapore and, instead, held "that Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." Kornstein Decl., Ex. C. at 20.

The Second Circuit's holding is consistent with precedent. Under the Federal Rules of Civil Procedure, documents produced in discovery can be used as evidence in other cases and for

other lawful purposes unless a protective order entered for good cause provides otherwise.[1] *See* Fed. R. Civ. P. 26(c); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Other courts ruling on the use of discovery obtained in a § 1782 have held, just as the Second Circuit did here, that the documents can be used in other proceedings. *See*, *e.g.*, *Glock v. Glock Inc.*, 797 F.3d 1002, 1010 (11th Cir. 2015) (holding "§ 1782 does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent [litigation]"); *Ahmed Hamad Algosaibi & Bros. Co. v. Std. Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) (holding that "the fact that [the § 1782 applicant] may also be able to use the discovery in future litigation against the respondents is immaterial.").

## II. There Is No Bad Faith

The Second Circuit held that the Petitioners' ability to use the documents in later proceedings should be limited only if Bouvier presented evidence that "Petitioners initiated or sought discovery for use in the Monégasque, Singaporean, or French proceedings in bad faith." Kornstein Decl., Ex. C at 20.

There was no evidence of bad faith before the Circuit, *id.*, and there is none now. The Discovery Material previously obtained in this case revealed that ▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Edwards Decl. ¶¶ 3-4, 10. Before receiving the Discovery Material, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ *Id.* ¶¶ 3-4; Kornstein Decl. ¶ 13. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ they seek to bring claims against Sotheby's UK and its London employee who spearheaded Sotheby's contact with Bouvier, in the forum best suited to adjudicating such claims, the United Kingdom.

---

[1] Unless otherwise specified, the Federal Rules of Civil Procedure govern the use of discovery obtained in § 1782. *See* 28 U.S.C. § 1782(a).

Petitioners seek to bring claims against Bouvier in the same proceeding. Bouvier is at the heart of the fraud here.   This was a multinational, $1 billion fraud that spanned the many countries where Bouvier lives, works, and does his deals. The multinational nature of the fraud has resulted in multiple jurisdictions launching their own criminal investigations against Bouvier and has also required that Petitioners craft a multinational litigation strategy that reflects the many jurisdictions where claims against Bouvier are viable, where jurisdiction against Bouvier may be obtained, and where a judgment against Bouvier may ultimately be enforced.  Any recovery in the UK against Bouvier would not duplicate recovery in any other jurisdiction.

Petitioners therefore seek in good faith to use the Discovery Materials to plead and prove claims against Bouvier as well as Sotheby's and its employee in this new proceeding in the U.K.

## CONCLUSION

Petitioners should be permitted to use the Discovery Material in the U.K. proceeding and the Court should enter the proposed Order (Kornstein Decl., Ex. D).

Dated: November 6, 2017
      New York, New York

                                Respectfully submitted,

                                EMERY CELLI BRINCKERHOFF
                                    & ABADY LLP

By: /s/ Daniel J. Kornstein
                                Daniel J. Kornstein
                                O. Andrew F. Wilson
                                Douglas E. Lieb
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Petitioners*