Declaration of Daniel W. Levy in Opposition to Petitioners' Motion to Amend the Protective Order to Permit Use of Discovery in the United Kingdom, dated November 20, 2017

# Exhibit H

1342568

Office of the Attorney General of Switzerland

*Received on 19th July*

<u>CH-3003 Berne, MPC</u>
Registered mail
MONFRINI BITTON KLEIN
Messrs.
David Bitton and Yves Klein
Attorneys
Place du Molard 3
1204 Geneva

Procedure No.               SV.17.0723-ZEV
Bern, 17th July 2017

**Your letter of 6th July 2017 relating to the criminal complaint of ACCENT DELIGHT INTERNATIONAL LTD and XITRANS FINANCE LTD versus Mr. Yves BOUVIER, Mrs. Tania RAPPO and MEI INVEST LTD**

Dear Sirs,

We refer to your letter quoted above for which we acknowledge receipt. Please find enclosed a copy of our letter of today addressed to the General Public Prosecutor's office of the Canton of Bern.

Yours faithfully,

Charlotte Lenormand

Head of Central Incoming Mail Processing

Enclosure: mentioned

Office of the Attorney General of Switzerland OAG
Charlotte Lenormand
Taubenstrasse 16
3003 Bern
Tel. +41 58 462 06 85. Fax. +41 58 462 45 07
www.bundesanwaltschaft.ch

Office of the Attorney General of Switzerland

*Received on 19th July*

<u>CH-3003 Berne, BA</u>
Registered mail
Office of the Prosecutor General
of the Canton of Bern
Mr. C. Scheurer, Deputy Prosecutor General
Maulbeerstrasse 10
PO Box
3001 Bern

| | |
|---|---|
| Procedure No. | SV.17.0723 |
| Federal Public Prosecutor | René Eichenberger |

Bern, 17th July 2017

**Your request for acceptance of a case dated 3rd May 2017**
**Your reference: GRH 17 104 / MAS**

Dear Deputy Prosecutor General Scheurer,

Referring to your letter and its annexes of 3rd May 2017 and upon review of the documents, we are of the opinion that federal jurisdiction does not apply in this case for the following reasons:

1. Obviously and without exception the purchase price for the works of art has been transferred to an account in the name of MEI Invest Ltd., at the bank, CBH Compagnie Bancaire Helvétique SA located in Geneva (prior to November 2009; Banque SCS Alliance SA). The assets in relation to the fraud or predicate offence were therefore transferred into the said account in Geneva. Any eventual acts of money laundering that may have occurred subsequently, were carried out domestically, with a clear focus on Geneva. According to information provided by telephone by the Public Prosecutor's office in Geneva, it has already accepted and is processing various reports from MROS in this case. Geneva also assumes that this is obviously a case of cantonal jurisdiction. Starting with this, compulsory federal competence as defined in Art. 24, para. 1 StPO [Swiss Code of Criminal Procedure] is excluded.

Office of the Attorney General of Switzerland OAG
Ruedi Montanari
Taubenstrasse 16
3003 Bern
Tel. +41 58 462 06 85. Fax. +41 58 462 45 07
www.bundesanwaltschaft.ch

2. The Office of the Attorney General of Switzerland declines to assume the case based on facultative federal jurisdiction as defined in Art. 24, para. 2 Swiss Code of Criminal Procedure.

    2.1. This is not a case of national importance in which the overall economic interest or the interests of a nationally important branch of the economy are at stake. Neither the art market in Switzerland, with its internationally renowned fairs, exhibitions and auction houses, is affected by the present dispute, but rather only an individual exponent and his wealthy customer. The media response, the large sums in dispute respectively or rather the amount related to the offence and the works of outstanding artists do not alter the fact that the matter de facto concerns a dispute between two individuals and their intermediary companies. For the same reason, the Federal Supreme Court, in its verdict 1C_328/2017 of 15th June 2017, declined to hear an appeal filed by Yves BOUVIER and MEI Invest Ltd, against the transmission of evidence, collected by the Office of the Public Prosecutor in Geneva, in the context of executing a request for mutual legal assistance from Monaco, considering the case not to be particularly important.

    2.2. According to the quoted judgement, the Office of the Public Prosecutor of the Canton of Geneva is executing a request for mutual legal assistance in this matter sent by the Principality of Monaco, in the context of its criminal investigation against Yves BOUVIER et al. This prior involvement of the Office of the Public Prosecutor of the Canton of Geneva presents another reason why we consider the initiation of an investigation at federal level by the Office of the Attorney General of Switzerland inappropriate. Obviously the inter-state co-ordination and preservation of evidence has already started in 2015 and there is no need for involvement of the Attorney General of Switzerland in this regard.

    2.3. The unsolicited submission of the Geneva law firm Monfrini Bitton Klein, as legal representative of Yves BOUVIER and MEI Invest Ltd., to the Attorney General of Switzerland of 6th July 2017 clearly illustrates that 37 reported sales are the subject of the criminal investigation in Monaco and that the complainants have constituted themselves as plaintiffs in the criminal case. Therefore, both in relation to the prosecution and the civil action, there is lis pendens in Monaco, which may conflict with any additional enforcement action including coercive measures to protect assets in Switzerland, and therefore also reduce the relevance of any Swiss criminal proceedings.

3. Even if the conditions for a criminal procedure were to be affirmed in Switzerland, in our opinion, the Office of the Public Prosecutor in the Canton of Geneva would have jurisdiction as a consequence of their execution of the request for mutual legal assistance and their processing of the MROS reports on money laundering. In addition to the payment receipts in the MEI Invest Ltd. account at the Geneva bank, CBH Compagnie Banciare Helvétique SA, numerous additional local aspects supporting Geneva jurisdiction need to be taken into account, including the former domiciles of Yves BOUVIER and Tania RAPPO, as well as of Dmitri RYBOLOVLEV and Mikhail SAZONOV in Geneva, the conclusion of the original contract in Geneva and the survey of the items purchased at the Geneva Freeport.

In view of the aforementioned, please find enclosed, the original documents you provided as well as the original submission with its annexes of 6th July 2017 from the legal representatives of Yves BOUVIER and MEI Invest Ltd.

We remain at your disposal if should you have any questions.

Yours sincerely,

Office of the Attorney General of Switzerland

                                                                            Round stamp of Attorney General of Switzerland

Ruedi Montanari
Deputy Attorney General

Enclosures as mentioned



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Bundesanwaltschaft
Ministère public de la Confédération
Ministero pubblico della Confederazione
Procura publica federala

Reçu le
19 JUIL. 2017

CH-3003 Berne, MPC
Recommandé
MONFRINI BITTON KLEIN
Maîtres
David Bitton et Yves Klein
Avocats
Place du Molard 3
1204 Genève

Procédure n°:  SV.17.0723-ZEB
Berne, le 17 juillet 2017

**Votre courrier du 6 juillet 2017 concernant la plainte pénale d'ACCENT DELIGHT INTERNATIONAL LTD et de XITRANS FINANCE LTD c. M. Yves BOUVIER, Mme Tania RAPPO et MEI INVEST LTD**

Maîtres,

Nous nous referons à votre courrier mentionné en titre, dont nous accusons réception, et nous nous permettons de vous transmettre en copie notre courrier de ce jour au Parquet général du canton de Berne.

Nous vous prions d'agréer, Maîtres, l'assurance de notre considération distinguée.

Ministère public de la Confédération

Charlotte Lenormand
Cheffe Traitement centralisé des entrées

Annexe : mentionnée

Ministère public de la Confédération MPC
Charlotte Lenormand
Taubenstrasse 16
3003 Berne
Tél. +41 58 462 06 85, Fax +41 58 462 45 07
www.bundesanwaltschaft.ch



Bundesanwaltschaft
Ministère public de la Confédération
Ministero pubblico della Confederazione
Procura publica federala

<u>CH-3003 Bern, BA</u>
**Einschreiben**
Generalstaatsanwaltschaft
des Kantons Bern
Herr C. Scheurer, stv. Generalstaatsanwalt
Maulbeerstrasse 10
Postfach
3001 Bern

| | |
|---|---|
| Verfahrensnummer: | SV.17.0723 |
| Staatsanwalt des Bundes: | René Eichenberger |
| **Bern, 17. Juli 2017** | |

**Ihr Ersuchen um Verfahrensübername vom 3. Mai 2017**
**Ihr Zeichen: GRH 17 104 / MAS**

Sehr geehrter Herr stellvertretender Generalstaatsanwalt Scheurer

Wir beziehen uns auf Ihr Schreiben inkl. Beilagen vom 3. Mai 2017 und kommen nach Prüfung der Unterlagen zum Schluss, dass vorliegend eine Bundeszuständigkeit nicht in Frage kommen kann. Dies aus folgenden Gründen:

1. Der Kaufpreis der Kunstwerke wurde offenbar ausnahmslos auf ein Konto der MEI Invest Ltd. bei der Genfer Bank CBH Compagnie Bancaire Helvétique SA (bis November 2009: Banque SCS Alliance SA) überwiesen. Die zum Betrugstatbestand bzw. zur Vortat gehörenden Vermögensverschiebungen erfolgten mithin auf das besagte Konto in Genf. Der Begehungsort für allfällige, nachfolgende Geldwäschereihandlungen liegt demnach im Inland mit einem eindeutigen Schwerpunkt in Genf. Gemäss telefonischer Auskunft der Staatsanwaltschaft Genf hat sie in dieser Rechtssache bereits verschiedene Meldungen der MROS zur weiteren Bearbeitung angenommen. Offenbar geht man auch in Genf von einer kantonalen Strafsache aus. Bei dieser Ausgangslage ist keine obligatorische Bundeskompetenz im Sinne von Art. 24 Abs. 1 StPO gegeben.

Bundesanwaltschaft BA
Ruedi Montanari
Taubenstrasse 16
3003 Bern
Tel. +41 58 462 06 91, Fax +41 58 462 45 07
www.bundesanwaltschaft.ch

2. Eine Verfahrensübernahme gestützt auf die fakultative Bundeskompetenz nach Art. 24 Abs. 2 StPO lehnt die Bundesanwaltschaft ab.

   2.1 So handelt es sich nicht um einen Fall von nationaler Bedeutung, bei dem gesamtvolkswirtschaftliche Interessen oder die Interessen eines national bedeutenden Wirtschaftszweiges auf dem Spiel stehen. Der Kunstmarkt in der Schweiz mit seinen international renommierten Messen, Ausstellungen und Aktionshäusern wird von dem vorliegenden Streitfall nicht betroffen, sondern lediglich ein einzelner Exponent und sein vermögender Kunde. Das Medienecho, der hohe Streitwert bzw. Deliktsbetrag und die Werke herausragender Künstler ändern nichts daran, dass es sich der Sache nach um einen Streitfall zweier Individuen und der von diesen beherrschten Zwischengesellschaften handelt. Das Bundesgericht hat es in seinem Urteil 1C_328/2017 vom 15. Juni 2017 aus dem gleichen Grund abgelehnt, im Zuge eines internationalen Rechtshilfeersuchens von Monaco auf die Beschwerde von Yves BOUVIER und der MEI Invest Ltd. gegen die Übermittlung von Beweismitteln, die durch die Staatsanwaltschaft Genf erhoben worden waren, einzutreten, und erachtete den Fall als nicht besonders wichtig.

   2.2 Aus dem soeben zitierten Urteil geht sodann der Umstand hervor, dass die Staatsanwaltschaft des Kantons Genf mit dem Vollzug eines entsprechenden Rechtshilfeersuchens des Fürstentums Monaco befasst ist, das im Zuge des dortigen Strafverfahrens gegen Yves BOUVIER et al. gestellt wurde. Diese Vorbefassung der Genfer Strafverfolgungsbehörde stellt einen weiteren Grund dar, weshalb die Eröffnung eines nationalen Strafverfahrens durch die Bundesanwaltschaft unzweckmässig wäre. Sie zeigt auch, dass die zwischenstaatliche Koordination und Beweissicherung bereits seit dem Jahr 2015 angelaufen ist und dass dazu keine Beteiligung der Bundesanwaltschaft erforderlich ist.

   2.3 Der unaufgeforderten Eingabe der Genfer Rechtsanwaltskanzlei Monfrini Bitton Klein als Rechtsvertreter von Yves BOUVIER und der MEI Invest Ltd. an die Bundesanwaltschaft vom 6. Juli 2017 kann entnommen werden, dass offenbar 37 angezeigte Verkäufe bereits Gegenstand des Strafverfahrens in Monaco bilden und dass sich die Anzeigerinnen im dortigen Verfahren als Zivilkläger konstituiert haben. Damit besteht sowohl in Bezug auf die Strafverfolgung als auch bezüglich der Zivilklage eine Litispendenz in Monaco, die einer zusätzlichen Strafverfolgung mit vermögenssichernden Zwangsmassnahmen in der Schweiz entgegenstehen dürfte und die die Bedeutung eines schweizerischen Strafverfahrens zusätzlich herabsetzt.

3. Sofern man überhaupt die Voraussetzungen eines Strafverfahrens in der Schweiz bejahen wollte, liegt nach unserer Auffassung die Zuständigkeit bei den Strafverfolgungsbehörden des Kantons Genf, die infolge des Rechtshilfevollzugs und der Bearbeitung von Geldwäschereimeldung der MROS vorbefasst sind. Hinzu kommen mit den ebenfalls erwähnten Zahlungseingängen auf dem Konto der MEI Invest Ltd. bei der Genfer Bank CBH Compagnie Bancaire Helvétique SA, den früheren Wohnsitzen von Yves

BOUVIER und Tania RAPPO sowie von Dmitri RYBOLOVLEV und Mikhail SAZONOV in Genf, dem Abschluss des ursprünglichen Vertragsverhältnisses in Genf, den Besichtigungen der Kaufobjekte im Genfer Zollfreilager mit den anschliessenden Verkaufsabschlüssen und deren Abwicklungen zahlreiche weitere örtliche Anknüpfungspunkte, die klar für eine Zuständigkeit des Kantons Genf sprechen.

Aufgrund des Gesagten erlauben wir uns, Ihnen in der Beilage die uns zur Verfügung gestellten Unterlagen sowie die uns von den Rechtsvertretern von Yves BOUVIER und der MEI Invest Ltd. direkt zugestellte Eingabe inkl. Beilagen vom 6. Juli 2017 im Original zu retournieren.

Für allfällige Rückfragen stehen wir Ihnen gerne zur Verfügung.

Freundliche Grüsse

Bundesanwaltschaft BA

Ruedi Montanari
Stv. Bundesanwalt

Beilagen erwähnt



FAST – ACCURATE – EFFICIENT

I, Sarah Garrett, BA Hons, Dip Trans, Director of Xenophiles Limited, 3 Caranday Villas, Norland Road, London W11 4QN, do hereby CERTIFY that the attached translation in the ENGLISH language has been translated by Merula Smith, BA Hons, a qualified translator working for Xenophiles and that it is to the best of my professional knowledge and belief, a true and faithful rendering of the FRENCH & GERMAN original.

Sarah Garrett

Director, Xenophiles Ltd

Date: 20/07/2017

**Xenophiles Ltd**
Certified translation

3 Caranday Villas, Norland Road, London W11 4QN    07468 603836    info@xenophiles.co.uk    www.xenophiles.co.uk