Declaration of Daniel W. Levy in Opposition to Petitioners' Motion to Amend the Protective Order to Permit Use of Discovery in the United Kingdom, dated November 20, 2017

# Exhibit J

1342568

TRIBUNAL DE PREMIERE INSTANCE
DE LA REPUBLIQUE ET CANTON DE GENEVE                    Le 17 novembre 2017

# REQUÊTE DE CONCILIATION

**formée par**

**M. Yves BOUVIER**, domicilié ███████████████████████, Singapour, République de Singapour

**MEI INVEST LIMITED**, société de droit de Hong Kong dont le siège social est sis Room 303 - 3/F., St. George's Building, 2 Ice House Street, Central, Hong Kong, Région Administrative Spéciale de Hong Kong de la République Populaire de Chine

**ARROW FINE ART L.L.C.**, société de droit de l'Etat du Wyoming, Etats-Unis d'Amérique, dont le siège social est sis 2120 Carey Avenue, Suite 310, Cheyenne, WY 82001, Etats-Unis d'Amérique

**KINSRIDE FINANCE LTD**, société de droit des Iles Vierges Britanniques dont le siège social est sis Vanterpool Plaza, 2nd Floor, Wickhams Cay 1, Road Town, Tortola, Iles Vierges Britanniques

**THE EAGLE OVERSEAS CO LTD**, société de droit de Hong Kong dont le siège social est sis 3rd Floor, Jonsim Place - 228 Queen's Road East Wanchai, Hong Kong, Région administrative spéciale de Hong Kong de la République Populaire de Chine

**ART FAMILY PTE LTD**, société de droit de Singapour dont le siège social est sis 32 Changi North Crescent, #02-01SR, Le Freeport, Singapour 499643, République de Singapour

**BLANCAFLOR INVESTMENTS LTD**, société de droit des Iles Vierges Britanniques dont le siège social est sis 3rd Floor, Yamraj Building, Market Square, Road Town, Tortola, Iles Vierges Britanniques

Élisant domicile en l'Etude MONFRINI BITTON KLEIN, Place du Molard 3, 1204 Genève, et comparant par Me Yves KLEIN et Me David BITTON (Pièces n°1 à 5 : procurations)

*Demandeurs*

**SOTHEBY'S SA, succursale de Genève**, société de droit suisse dont le siège social est sis Talstrasse 83, 8001 Zurich et le siège de la succursale rue François-Diday 2, 1204 Genève

**SOTHEBY'S**, société de droit d'Angleterre et du Pays de Galles dont le siège social est sis 34-35 New Bond St, Mayfair, Londres W1A 2AA, Royaume-Uni

**SOTHEBY'S INC.**, société du droit de l'Etat de New York, Etats-Unis d'Amérique, dont le siège social est sis 1334 New York Avenue, NY 10021, Etats-Unis d'Amérique

**SOTHEBY'S KUNSTAUKTIONEN GESELLSCHAFT M.B.H.**, société de droit autrichien dont le siège social est sis Herrengasse 5, 1010 Vienne, Autriche

**M. Samuel VALETTE**, domicilié ███████████████████████ Londres, Royaume-Uni

Élisant domicile en l'Etude BÄR & KARRER SA, succursale de Genève, Quai de la Poste 12, 1204 Genève, et comparant par Me Saverio LEMBO et Me Aurélie CONRAD HARI (Pièces n°6-9 : procurations)

*Demandeurs*

- 2 -

contre

**M. Dmitriy RYBOLOVLEV**, domicilié ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Monaco, Principauté de Monte Carlo

**Mme Elena RYBOLOVLEVA**, domiciliée ▮▮▮▮▮▮▮▮▮▮ Cologny

**Mme Ekaterina RYBOLOVLEVA**, domiciliée ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,
▮ Monaco, Principauté de Monte Carlo

**XITRANS FINANCE LTD**, société de droit des Iles Vierges Britanniques dont le siège social est sis Akara Building, 24 De Castro Street, Wickhams Cay 1, Road Town, Tortola, Iles Vierges Britanniques

**ACCENT DELIGHT INTERNATIONAL LTD**, société de droit des Iles Vierges Britanniques dont le siège social est sis Jipfa Building, 3rd floor, 142 Main Street, Road Town, Tortola, Iles Vierges Britanniques

**BOLTON TRUSTEES LIMITED**, société de droit chypriote dont le siège social est sis 195 Arch. Makarios III Avenue, Neocleous House, Limassol, 3030, République de Chypre

**MERCO TRUSTEES LIMITED**, société de droit chypriote dont le siège social est sis 195 Arch. Makarios III Avenue, Neocleous House, Limassol, 3030, République de Chypre

**MONTRAGO TRUSTEES LIMITED**, société de droit chypriote dont le siège social est sis 195 Arch. Makarios III Avenue, Neocleous House, Limassol, 3030, République de Chypre

**Défendeurs**

## I.     CONCLUSIONS

Les Demandeurs concluent à ce qu'il :

### PLAISE AU TRIBUNAL DE PREMIERE INSTANCE

1. **Constater** que M. Yves BOUVIER, MEI INVEST LIMITED, ARROW FINE ART L.L.C., KINSRIDE FINANCE LTD, THE EAGLE OVERSEAS CO LTD, ART FAMILY PTE LTD et BLANCAFLOR INVESTMENTS LTD, n'ont aucune responsabilité ou dette d'aucune sorte à l'égard de M. Dmitriy RYBOLOVLEV, Mme Elena RYBOLOVLEVA, Mme Ekaterina RYBOLOVLEVA, XITRANS FINANCE LTD, ACCENT DELIGHT INTERNATIONAL LIMITED, MERCO TRUSTEES LIMITED, MONTRAGO TRUSTEES LIMITED ou BOLTON TRUSTEES LIMITED.

2. **Constater** que SOTHEBY'S SA, SOTHEBY'S, SOTHEBY'S INC. SOTHEBY'S KUNSTAUKTIONEN GESELLSCHAFT M.B.H. et M. Samuel VALETTE n'ont aucune responsabilité ou dette d'aucune sorte à l'égard de M. Dmitriy RYBOLOVLEV, Mme Elena RYBOLOVLEVA, Mme Ekaterina RYBOLOVLEVA, XITRANS FINANCE LTD, ACCENT DELIGHT INTERNATIONAL LTD, MERCO TRUSTEES LIMITED, MONTRAGO TRUSTEES LIMITED ou BOLTON TRUSTEES LIMITED.

3. **Condamner** les Défendeurs en tous les frais et dépens de l'instance.

4. **Débouter** les Défendeurs de toute autre ou contraire conclusion.

## II. REMARQUES PRELIMINAIRES

1. La présente requête de conciliation concerne des différends survenus entre les Parties dès le début de l'année 2015 en relation avec la vente de 37 d'œuvres d'art (les « **Œuvres d'Art** ») entre 2003 et 2014 pour un total l'approximativement EUR 2 milliards par des sociétés contrôlées par Yves BOUVIER, soit MEI INVEST LIMITED (« **MEI** »), ARROW FINE ART LLC. (« **ARROW** »), KINSRIDE FINANCE LTD (« **KINSRIDE** »), THE EAGLE OVERSEAS CO LTD (« **EAGLE** ») et ART FAMILY PTE LTD (« **ART FAMILY** »), avec l'assistance de BLANCAFLOR INVESTMENTS LTD (« **BLANCAFLOR** ») (ensemble les « **Demandeurs BOUVIER** »), à des sociétés contrôlées par Dmitriy RYBOLOVLEV, soit XITRANS FINANCE LTD (« **XITRANS** ») et ACCENT DELIGHT LTD (« **ACCENT** »), dont les actions sont ou étaient détenues par les trusts chypriotes ARIES TRUST, dont le trustee est MONTRAGO TRUSTEES LIMITED, VIRGO TRUST, dont le trustee est MERCO TRUSTEES LIMITED, et DOMUS TRUST, dont le trustee est BOLTON TRUSTEES LIMITED et dont la bénéficiaire est Ekaterina RYBOLOVLEVA, la fille de Dmitriy RYBOLOVLEV (ensemble les « **Défendeurs RYBOLOVLEV** »).

2. SOTHEBY'S SA, succursale de Genève, SOTHEBY'S, SOTHEBY'S INC., SOTHEBY'S KUNSTAUKTIONEN GESELLSCHAFT M.B.H. et M. Samuel VALETTE (ensemble « **SOTHEBY'S** ») ont été impliqués, pour le compte des vendeurs initiaux, dans la vente de certaines, mais pas toutes, des Œuvres d'Art à l'un ou plusieurs des Demandeurs BOUVIER.

3. Comme décrit plus bas, les Demandeurs BOUVIER et les Défendeurs RYBOLOVLEV sont impliqués dans un litige depuis plus de deux ans et demi. En particulier, les Défendeurs RYBOLOVLEV ont initié des procédures civiles et porté des accusations pénales contre Yves BOUVIER et des personnes et sociétés qui lui étaient liées dans plusieurs juridictions à travers le monde, dont, initialement, Monaco et Singapour, prétendant qu'Yves BOUVIER les aurait escroqués de plus d'un milliard de dollars en lien avec la vente de 37 chefs d'œuvre. Yves BOUVIER, MEI et Tania RAPPO l'ont emporté à Singapour, sur la base du principe du for inapproprié (*forum non conveniens*), la Cour d'Appel de Singapour ayant, en dernier ressort, enjoint les Défendeurs RYBOLOVLEV de choisir entre Monaco et la Suisse, tout en estimant très clairement que la Suisse était la juridiction appropriée. Après cela, les Défendeurs RYBOLOVLEV

ont initié une procédure pénale, avec action civile, contre Yves BOUVIER & al. en Suisse. Aujourd'hui, en dépit du dépôt d'une dénonciation pénale en Suisse, les Défendeurs RYBOLOVLEV ont annoncé, pour la première fois, qu'ils avaient l'intention de poursuivre les Demandeurs BOUVIER au Royaume-Uni et que, cette fois-ci, ils avaient également l'intention de poursuivre les Demandeurs SOTHEBY'S dans la même procédure.

4. Les Demandeurs BOUVIER considèrent que les allégations formulées par les Défendeurs RYBOLOVLEV sont fausses et qu'ils n'ont pas de prétention fondée à l'encontre des Demandeurs BOUVIER. Les Demandeurs BOUVIER considèrent également qu'ils n'ont jamais eu de relation de mandat d'aucune sorte avec les Défendeurs RYBOLOVLEV, oral ou écrit, et qu'ils n'ont jamais eu à l'égard des Défendeurs RYBOLOVLEV aucune obligation en qualité de mandataire. A cela s'ajoute que les Demandeurs BOUVIER n'ont jamais eu aucun accord avec les Défendeurs RYBOLOVLEV par lequel la rémunération gagnée par les Demandeurs BOUVIER pour la vente des Œuvres d'Art aurait dû être limitée de la manière décrite par les Défendeurs RYBOLOVLEV à Monaco et à Singapour. Les Demandeurs BOUVIER considèrent en outre qu'ils n'ont commis aucune infraction pénale ou aucun acte illicite d'aucune sorte qui pourrait les rendre responsables à l'égard des Défendeurs RYBOLOVLEV.

5. Les Demandeurs BOUVIER estiment par ailleurs que les démarches des Défendeurs RYBOLOVLEV pour élever des prétentions contre SOTHEBY'S à ce stade des procédures ne sont rien d'autre qu'un artifice tactique visant à trouver un moyen d'élever de nouvelles prétentions infondées contre les Demandeurs BOUVIER.

6. Les Demandeurs BOUVIER considèrent également que, si les Demandeurs SOTHEBY'S ont pris part, pour le compte des vendeurs initiaux, à la vente de certaines œuvres aux Demandeurs BOUVIER, les allégations des Défendeurs RYBOLOVLEV contre les Demandeurs SOTHEBY'S sont sans fondement factuel.

7. Les Demandeurs SOTHEBY'S rejettent catégoriquement les prétendues allégations à leur encontre, lesquelles sont fausses et ne résisteront pas à l'examen. Comme détaillé *infra* para. 73, 77 et **Erreur ! Source du renvoi introuvable.**, SOTHEBY'S n'avait aucune connaissance du prix de telles reventes, et SOTHEBY'S n'a tiré aucun profit d'aucune sorte de ces reventes. Bien plus, SOTHEBY'S a pris connaissance des allégations des

Défendeurs RYBOLOVLEV contre les Demandeurs BOUVIER par voie de presse, bien après la vente desdites œuvres. Plus encore, SOTHEBY'S a également appris par la presse, toujours bien après les ventes, les allégations sur le montant de ces reventes par les Demandeurs BOUVIER. En bref, les Demandeurs SOTHEBY'S ne sont d'aucune manière responsables de quelconques dommages ou pertes que les Défendeurs RYBOLOVLEV allèguent avoir subi.

8. A cause des menaces des Défendeurs RYBOLOVLEV d'actionner SOTHEBY'S en justice et de leurs déclarations selon lesquelles ils ont l'intention de déposer une requête par devant les juridictions britanniques à l'encontre des Demandeurs SOTHEBY'S et des Demandeurs BOUVIER, Demandeurs SOTHEBY'S a décidé de déposer la présente requête en conciliation, afin d'obtenir une décision constatatoire selon laquelle les Demandeurs SOTHEBY'S n'ont aucune responsabilité d'aucune sorte dans le présent litige.

9. Dans la mesure où SOTHEBY'S n'est pas en position de se prononcer sur la relation et le litige entre les Demandeurs BOUVIER et les Défendeurs RYBOLOVLEV, elle limite par conséquent ses allégations factuelles aux seuls chapitres H et I ci-dessous.

### III. EN FAIT

#### A. Résumé des faits

10. La relation d'affaires entre Yves BOUVIER et ses sociétés, d'une part, Dmitriy RYBOLOVLEV, son épouse Elena RYBOLOVLEVA, et les sociétés de celui-ci, d'autre part, a commencé à Genève en 2003 (à cette époque, les époux RYBOLOVLEV et Yves BOUVIER étaient tous trois domiciliés à Genève).

11. Dmitriy RYBOLOVLEV et Elena RYBOLOVLEVA ont été présentés à Yves BOUVIER par Tania RAPPO, à qui Yves BOUVIER a payé des commissions d'apporteur d'affaires sur les ventes des Œuvres d'Art.

12. Les quatre premières Œuvres d'Art ont fait l'objet de contrats de vente écrits entre XITRANS en tant qu'acheteur et ARROW, EAGLE, KINSRIDE, ou MEI en tant que vendeurs. Ces contrats, rédigés par les avocats suisses de XITRANS, n'indiquaient en aucune manière qu'Yves BOUVIER agissait en tant que mandataire pour l'acheteur ou