

**Marcus A. Asner**
+1 212.836.7222 Direct
Marcus.Asner@apks.com

December 5, 2017

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *In re Application of Accent Delight International Ltd. and Xitrans Finance Ltd.*, 16 Misc. 125

Dear Judge Furman:

      We write respectfully on behalf of Respondent Sotheby's, Inc. ("Sotheby's") in response to Petitioners' November 28, 2017 reply supporting their request to use documents obtained in this 28 U.S.C. § 1782 proceeding in a new foreign proceeding that Petitioners intend to file in the United Kingdom (the "UK Proceeding"), and further requesting to use those documents in connection with a new Swiss proceeding filed by Sotheby's and Intervenors on November 17, 2017 (the "Swiss Proceeding"). ECF No. 121. On November 30, 2017, the Court granted Intervenors' Request that Sotheby's and Intervenors be allowed to file a short sur-reply to Petitioners' filing. ECF No. 125.

      The Court should deny Petitioners' request to use the documents in the Swiss Proceeding, for the same reasons set forth in Sotheby's November 20, 2017 Memorandum of Law. ECF No. 117. As with the UK Proceeding, in exercising its discretion, the Court should be guided by the discretionary factors articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Here, because Sotheby's is a participant in the Swiss Proceeding, such that the Swiss court will have jurisdiction over Sotheby's and can administer discovery as it deems appropriate, the first *Intel* factor weighs heavily in favor of denying Petitioners' request. *See id.* at 264. Sotheby's respectfully requests that this Court defer to the courts in Switzerland and the UK in managing their own dockets and overseeing discovery.[1]

---

[1] Petitioners miss the mark, both factually and legally, in arguing that the first *Intel* factor weighs in their favor because the § 1782 discovery was obtained from Sotheby's and not

The Honorable Jesse M. Furman
December 5, 2017
Page 2

   The Court also should reject Petitioners' argument that the documents Sotheby's produced in this proceeding are "judicial documents" to which a presumption of public access should apply. Petitioners claim that Sotheby's "cannot have it both ways" in urging this Court to undertake an analysis of the § 1782 *Intel* factors while still protecting the confidentiality of the documents that would be made available if those factors are found to weigh in favor of allowing use of the documents. Reply Mem. at 11. But the content of the documents—which were only produced to Petitioners *after* the Court granted their § 1782 petition—is irrelevant to the Court's analysis under the § 1782 *Intel* factors. The Court can and should decide Petitioners' application without any reference to the substance of the discovery at issue, and therefore the documents themselves are not "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).[2]

---

Sotheby's UK. *See* Reply Mem. at 9. As noted above, Sotheby's is itself a party to the Swiss proceeding. *See* Exhibit J to the Declaration of Daniel W. Levy, ECF Nos. 115-10, at 2, 115-12, at 9. Further, the documents at issue here, which involve communications sent by an employee of Sotheby's UK, are under the control of Sotheby's UK. (As Petitioners are aware, in agreeing to produce the documents in connection with this § 1782 proceeding, Sotheby's did not press an argument that the documents were solely in the control of Sotheby's UK.) In short, for all the reasons set forth in its November 20 brief, *see* ECF No. 117 at 7-11, the first discretionary factor militates strongly in favor of denying Petitioners' application as to both the UK and Swiss proceedings.

[2] Petitioners' reliance on *In re Gushlak*, No. 11-mc-0218 (NGG) (JO), 2012 WL 3683514 (E.D.N.Y. July 27, 2012), *R. & R. adopted*, 2012 WL 3779229 (E.D.N.Y. Aug. 30, 2012), and *Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK), 2013 WL 646399 (S.D.N.Y. Feb. 21, 2013), is also misplaced. Neither case deals with the situation here—where Petitioners sought § 1782 discovery for use in certain proceedings, obtained documents pursuant to a protective order, and then requested to use the documents in new foreign proceedings not the subject of the original petition. Instead, *In re Gushlak*, 2012 WL 3683514, at *3, concerned an initial § 1782 petition and opposition, prior to any discovery having been produced. And *Chevron* concerned litigation in the United States to overturn a foreign judgment procured through fraud, where the parties had also "been litigating Section 1782 and other discovery proceedings before other district courts around the country." 2013 WL 646399, at *1, *4. In support of the litigation to overturn the judgment, Chevron submitted two witness declarations and sought a protective order to protect the witnesses' identities. *Id.* at *1. The court found that, although the declarations were "judicial documents," as they had been submitted in support of a motion for partial summary judgment, other factors outweighed the presumption of access. *See id.* at *1, *13-15. Accordingly, these cases do not support Petitioners' argument that the documents at issue here should be open to the public.



The Honorable Jesse M. Furman
December 5, 2017
Page 3

   Finally, the Declaration of Aimee Scillieri, ECF No. 119, explains in detail how disclosure of Sotheby's business practices with regard to private sales of art would harm the company in what is a highly competitive industry.  *See* Scillieri Decl. ¶¶ 5-8.  The Scillieri Declaration does not claim that this information constitutes "trade secrets," nor is such a showing required in demonstrating that the presumption of access has been overcome (if it applies at all to documents which, as explained above, are not judicial in nature).  Here, any presumption is outweighed given that Sotheby's is contractually required to keep confidential the details of its transactions, and given that the maintenance of that confidentiality (particularly with respect to private art sales) is critical to Sotheby's reputation as an auction house in an industry that is governed by a standard of confidentiality and discretion.  Particularly in light of the serious nature of the allegations raised by Petitioners—allegations which are presently one-sided, due to the instant forum, but which Sotheby's intends to vigorously dispute—it would be inappropriate to allow Petitioners the opportunity to publicly disseminate the confidential materials at issue.[3]

   We thank the Court for its consideration of this submission.

              Respectfully,

              */s/ Marcus A. Asner*
              Marcus A. Asner

Cc: All counsel of record (via ECF)

---

[3] Petitioners' suggestion that Sotheby's misled them and the Court in connection with seeking extensions of time relating to Petitioners' applications, *see* Reply Mem. at 1, 6, is also utterly baseless.  Sotheby's sought a brief extension of time just days after Petitioners filed their initial letter request, given the schedules of Sotheby's and its counsel.  Its second request, relating to the time for addressing whether the documents at issue should remain under seal, had no effect at all on the November 20 due date of Sotheby's opposition to Petitioners' motion (and related to a completely separate issue).  Sotheby's then notified the Court and Petitioners of its filing in Switzerland the next business day after that filing, in its November 20 opposition papers.

Arnold & Porter Kaye Scholer LLP
250 West 55th Street  |  New York, NY  10019-9710  |  www.apks.com