**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| )<br>In re Application of ACCENT DELIGHT )<br>INTERNATIONAL LTD. AND XITRANS )<br>FINANCE LTD. for an Order Pursuant to 28 )<br>U.S.C. § 1782 to Conduct Discovery for Use in )<br>Foreign Proceedings )<br>) | Consolidated Case No. 16-mc-125 (JMF)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT SOTHEBY'S, INC.'S
MOTION FOR A STAY PENDING APPEAL**

## <u>TABLE OF CONTENTS</u>

**Page**

**FACTUAL BACKGROUND**.................................................................................4

**ARGUMENT**........................................................................................................9

   **I.**   **Sotheby's Has Shown a Likelihood of Success on the Merits.** ....................................8

   **II.**   **Sotheby's Will Be Irreparably Injured Absent a Stay.** ................................................13

   **III.**  **Petitioners Will Not Be Injured by a Stay.** ..............................................................15

   **IV.**  **The Public Interest Favors a Stay.** ............................................................................15

**CONCLUSION** ...................................................................................................17

# TABLE OF AUTHORITIES

**Cases:**                                                                                          **Page(s):**

*In re Accent Delight Int'l Ltd.,*
    869 F.3d 121 (2d Cir. 2017) ............................................................................ 8, 17

*Advanced Micro Devices, Inc. v. Intel Corp.,*
    292 F.3d 664 (9th Cir. 2002), *aff'd sub nom.*
    *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ...................................... 13

*Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,*
    598 F.3d 30 (2d Cir. 2010) ............................................................................ 10, 11

*Church of Scientology v. United States,*
    506 U.S. 9 (1992) ......................................................................................... 17

*First City, Texas-Houston, N.A. v. Rafidain Bank,*
    131 F. Supp. 2d 540 (S.D.N.Y. 2001) ...................................................................... 19

*In re Godfrey,*
    526 F.Supp.2d 417 (S.D.N.Y. 2007) ..................................................................... 11, 12

*In re Gushlak,*
    No. 11-MC-0218 NGG JO, 2012 WL 2564466 (E.D.N.Y. Jan. 30, 2012), *R. &*
    *R. adopted*, 2012 WL 1514824 (E.D.N.Y. Apr. 30, 2012) ............................................... 17, 19

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 24 (2004) .................................................................................. *passim*

*Jock v. Sterling Jewelers, Inc.,*
    738 F. Supp. 2d 445 (S.D.N.Y. 2010) ...................................................................... 14

*Kiobel v. Royal Dutch Petroleum Co.,*
    569 U.S. 108 (2013) ...................................................................................... 13

*In re Kreke Immobilien KG,*
    No. 13-Misc.-110, 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013) ......................................... 11, 12

*Mees v. Buiter,*
    793 F.3d 291 (2d Cir. 2015) .............................................................................. 16

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog,*
    945 F.2d 150 (6th Cir.1991) .............................................................................. 10

*In re Microsoft Corp.*,
   428 F. Supp. 2d 188 (S.D.N.Y. 2006) ................................................................11

*Mohammed v. Reno*,
   309 F.3d 95 (2d Cir. 2002) ....................................................................... 10, 11

*Morrison v. Nat'l Austl. Bank Ltd.*,
   561 U.S. 247 (2010) ...........................................................................................12

*Nken v. Holder*,
   556 U.S. 418 (2009) ...........................................................................................10

*Project Vote/Voting for Am., Inc. v. Long*,
   275 F.R.D. 473 (E.D. Va. 2011) ........................................................................14

*Purolite Corp. v. Hitachi Am., Ltd.*,
   No. 17 Misc. 67, 2017 WL 1906905 (S.D.N.Y. May 9, 2017) ............................11

*Roseman v. Bloomberg L.P.*,
   No. 14CV2657 (DLC), 2017 WL 5176379 (S.D.N.Y. Nov. 7, 2017) ...................11

*In re Sarrio, S.A.*,
   119 F.3d 143 (2d Cir. 1997) ..............................................................................11

*Sergeeva v. Tripleton Int'l Ltd.*,
   834 F.3d 1194 (11th Cir. 2016).........................................................................12

*Simon Prop. Grp., Inc. v. Taubman Ctrs., Inc.*,
   262 F. Supp. 2d 794 (E.D. Mich. 2003) ............................................................14

*In re Stati*,
   No. CV 15-MC-91059-LTS, 2018 WL 474999 (D. Mass. Jan. 18, 2018)............12

*Wash. Metro. Area Transit Comm'n  v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C. Cir. 1977) ..........................................................................11

## Statutes, Rules and Regulations

28 U.S.C. § 1782................................................................................................*passim*

28 U.S.C. § 1782(a) .................................................................................... 12, 13

Respondent Sotheby's, Inc. ("Sotheby's") respectfully submits this Memorandum of Law in support of its motion for a stay of this Court's Opinion and Order dated June 11, 2018 ("Opinion and Order"), pending an appeal by Sotheby's to the United States Court of Appeals for the Second Circuit.  The Opinion and Order granted in part an application by Petitioners Accent Delight International Ltd. and Xitrans Finance Ltd. (collectively, "Petitioners") for an order pursuant to 28 U.S.C. § 1782 to take additional discovery from Sotheby's, purportedly for use only in foreign criminal proceedings against Intervenors Yves Bouvier and MEI Invest Ltd. (collectively, "Intervenors") in Monaco and Switzerland.  A three-judge panel of the Court of Appeals previously granted Intervenors' motion for a stay pending their appeal of this Court's October 5, 2016 Opinion and Order granting Petitioners' first § 1782 petition, from which Sotheby's did not appeal.  For the reasons set forth below, this Court similarly should grant Sotheby's motion for a stay in this matter, as the relevant factors weigh in favor of a stay.

*First*, Sotheby's can demonstrate a reasonable likelihood of success on the merits. Among other issues, Sotheby's intends to raise on appeal (1) whether discovery pursuant to § 1782 is limited to evidence located within the United States, (2) whether the Opinion and Order failed to give sufficient consideration to European data privacy laws, particularly where the discovery sought is for use in European legal proceedings and much of it is located in Europe, and (3) whether the district court otherwise abused its discretion in granting Petitioners' new § 1782 petition, including by misapplying the *Intel* factors and failing to consider that Petitioners can and will use the discovery sought in pending and contemplated litigation against Sotheby's.  As to the first issue, the Court noted that the district courts of the Second Circuit, even within the Southern District of New York, have split on whether § 1782 reaches documents located abroad and that the Second Circuit has stated in dicta that "there is reason to think that

Congress intended to reach only evidence located within the United States." The Opinion and Order also incorrectly determined that the "plain language of Section 1782" supports a conclusion that § 1782 reaches material located abroad, and failed to give appropriate weight to the legislative history and policy reasons that have led courts to limit § 1782's territorial reach. As to the second issue, the Opinion and Order incorrectly construed the breadth of what is considered "personal data" under European data privacy laws. And as to the third issue, the Opinion and Order incorrectly applied the *Intel* factors, including by concluding that it is irrelevant "whether Petitioners view Sotheby's as a *potential* adversary," ECF No. 163, at 8 (emphasis added) —ignoring the pending Swiss civil proceeding in which Sotheby's, Intervenors, and Petitioners *presently* are all parties.

*Second*, a stay avoids irreparable harm and significant prejudice to Sotheby's. In addition to reflecting confidential and proprietary business information, the discovery sought also may disclose the identities of other clients of Sotheby's and related information that Sotheby's is contractually obligated to keep strictly confidential. Moreover, Petitioners will then be able to review and utilize the contents of the discovery *against Sotheby's*, a harm that cannot be remedied by use limitations or subsequent destruction of the documents. Searching for and producing material from overseas places a significant burden on Sotheby's. Placing that burden on Sotheby's is particularly unfair in this matter, where Sotheby's will be unable to obtain reciprocal discovery against Petitioners, as they are located abroad.

*Third*, there is no measurable harm to Petitioners. As detailed in prior briefing, Petitioners already have the most significant material that they need for the pending criminal cases. Any delay in obtaining the additional discovery sought will be relatively short. And despite the urgency with which Petitioners previously purported to seek (and provide to the

Monaco magistrate) the discovery initially obtained from Sotheby's, Petitioners waited nearly a year-and-a-half before seeking this additional discovery, during which time Petitioners failed to take any meaningful steps to press the Monaco criminal proceedings, contrary to what they represented to the Court they would be doing with the initial material. Levy Declaration, dated March 13, 2018 ("Levy Decl."), Ex. J, ECF No. 149-10.

*Fourth*, the public interest favors a stay pending appeal. At bottom, this is a private dispute that arose from the soured business dealings between two individuals who at all relevant times were residents of either Switzerland or Monaco. There is a strong public interest in the efficient administration of justice, but there is nothing efficient or just about potentially disadvantaging an American company in foreign litigation by requiring that it disclose materials to its adversary, particularly where that adversary has not and cannot show any meaningful harm from a short delay until the Court of Appeals decides this case.

Sotheby's, Intervenors, and Petitioners are parties to numerous pending and contemplated legal proceedings outside of the United States. Sotheby's will be denied a level playing field in the present, ongoing, foreign litigation by virtue of its decision to incorporate and locate its international headquarters domestically, a result that Sotheby's contends cannot and should not be countenanced by § 1782. Just as the Second Circuit did when Intervenors sought a similar stay pending their appeal of the prior § 1782 petition, this Court should grant the instant motion for a stay so that Sotheby's need not suffer the substantial expense and irreparable injury of providing discovery to its adversary in foreign litigation unless and until the Court of Appeals determines that Sotheby's is required to do so.

## FACTUAL BACKGROUND

The Court is familiar with the underlying facts of this case.  On March 25, 2016, Petitioners filed their first § 1782 petition, seeking a wide variety of materials from Sotheby's for use in proceedings against Bouvier in Monaco, France, and Singapore.  ECF Nos. 1-3.[1] Petitioners contend that Bouvier defrauded them with regard to 37 works of art (the "Works"), and requested "[a]ll Documents (including Communications)" relating to the Works,[2] as well as "[a]ll Documents concerning or including Communication[s]" with Bouvier.  ECF No. 3-1. Petitioners and Sotheby's thereafter negotiated a more limited production, giving Petitioners the information they claimed they actually need to pursue their claims against Bouvier:  all documents and communications concerning the Works exchanged between Bouvier and Samuel Valette (Sotheby's Vice President of Private Sales and Bouvier's primary contact at Sotheby's for art acquisitions and sales, *see* Scillieri Decl. ¶ 4, ECF No. 153), and any transactional documents exchanged between Sotheby's and Bouvier concerning the Works.  Sotheby's made its negotiated production—comprising 972 documents and 2,622 pages of discovery material— on November 16, 2016.

In the meantime, Intervenors filed a Notice of Appeal and sought a stay pending appeal, which this Court denied on November 2, 2016.  On November 15, 2016, a judge of the Second Circuit granted Intervenors' emergency motion for a temporary stay, but only as to the use of the discovery in the Singapore and Paris proceedings.  On December 14, 2016, a three-judge panel of the Court of Appeals granted Intervenors' motion to stay in its entirety,

---

[1] Unless otherwise specified, docket references herein refer to Case No. 16-mc-125.

[2] Although Petitioners sought (and currently seek) information concerning 37 Works (amounting to 38 transactions), Sotheby's was in fact involved with Bouvier with only 15 of the Works. Sotheby's facilitated the sale of only 12 of the 37 Works to Bouvier, consigned for auction 2 of the Works on Bouvier's behalf (1 of which it previously sold him), and conducted valuations for 4 of the Works (2 of which it previously sold him).  *See* Scillieri Decl., ¶ 3, ECF No. 153.

expanding the temporary stay to include the Monaco proceedings as well.  By that time, however, Petitioners had already submitted the discovery to the investigating magistrate in Monaco."  *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 127 (2d Cir. 2017).

On March 8, 2017, Petitioners, along with a related entity, Jolly Times, Inc., filed a criminal complaint in Berne, Switzerland, against Bouvier, while also asserting that Bouvier committed fraud against Petitioners with "[p]ossible [c]ollaboration by Sotheby's."  Levy Decl., Ex. A ¶152-61, ECF No. 149-1.

On November 6, 2017, nearly a year after Sotheby's initial production, Petitioners moved for an order permitting them to use that previously obtained discovery to initiate a proceeding in the UK against Bouvier *and Sotheby's and Valette.*  ECF Nos. 106-08.  On November 17, 2017, Sotheby's and Valette filed in Geneva a Notice of Conciliation (the "Swiss Civil Proceeding"), along with Bouvier, against Dmitry Rybolovlev and Petitioners.  ECF No. 115-10 to -12.  That proceeding seeks a declaration that Sotheby's and Valette bear no liability.  *See* ECF No. 115-12 at 11.  And, on December 22, 2017, the Court granted Petitioners' application to use Sotheby's previously produced documents in Petitioners' contemplated proceeding in the United Kingdom, as well as in the Swiss Civil Proceeding.  ECF No. 128.

To Sotheby's knowledge, Petitioners have not yet commenced suit in the United Kingdom.  Instead, Petitioners returned to this Court, seeking permission to use the documents previously obtained from Sotheby's in a Swiss criminal investigation against Bouvier.  ECF Nos. 132-35.  Then, on February 13, 2018, Petitioners commenced a new §1782 petition, Case No. 18-mc-50, seeking additional discovery from Sotheby's—a wide array of documents and a Rule 30(b)(6) deposition—for purported use in the criminal proceedings against Bouvier in Switzerland and Monaco.  Case No. 18-mc-50, ECF Nos. 4-7.  Specifically, Petitioners' new

February 2018 petition sought (1) all "Communications" between any Sotheby's employee and Bouvier concerning 37 Works; (2) all "Documents, including Communications" concerning Bouvier and the Works; and (3) all "Documents" concerning the value of the Works bought or sold in a transaction involving Sotheby's and Bouvier.  ECF No. 6-1 at 10.  Petitioners further seek testimony relating to the following topics:  the structure and substance of the transactions for the Works; Bouvier's relationship with his affiliated entities, Petitioners (and Dmitry Rybolovlev), Sotheby's, and Jean-Marc Peretti; the viewing of *Christ as Salvator Mundi* in March 2013; and valuations that Bouvier obtained from Sotheby's for any of the Works.  *Id.* at 16.

On June 11, 2018, the Court granted Petitioners' motion to use the previously obtained discovery in the Swiss criminal proceedings.  The Court also granted, in part, Petitioners' new § 1782 petition, authorizing discovery only as to (1) transactions with Bouvier in which Sotheby's facilitated the sale of a Work to Bouvier, consigned for auction a Work on Bouvier's behalf, and conducted a valuation of a Work for Bouvier, and (2) Sotheby's "relationship with Bouvier generally."  The Court found that "discovery concerning those transactions alone (and the relationship to Bouvier generally) would provide Petitioners with insight into whether 'Bouvier held himself out to Sotheby's as Petitioners' agent and representative' and had a fraudulent intent in conducting those transactions."  ECF No. 163 at 10.  The Court found "no apparent reason or basis to authorize discovery beyond those limits."  *Id.*

On June 13, 2018, Sotheby's filed a Notice of Appeal with respect to the Court's June 11, 2018 Opinion and Order.  The instant motion follows.

## ARGUMENT

A district court weighs four factors in determining whether to grant a motion for a stay pending appeal:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest [favors granting a stay]."  *Nken v. Holder*, 556 U.S. 418, 426 (2009).  These factors "overlap[] substantially with the preliminary injunction standard."  *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2d Cir. 2010) (citing *Nken*, 556 U.S. at 443 (explaining that the factors to be considered on a motion for a stay pending appeal and on an application for a preliminary injunction overlap "not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined")).  While "not a matter of right," courts may grant stays in the "exercise of judicial discretion" based on "the circumstances of the particular case."  *Nken*, 556 U.S. at 433 (internal quotations and citations omitted).

The "first two factors"—likelihood of success on the merits and irreparable injury—are "the most critical."  *Id.* at 434-35.  "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay.  Simply stated, more of one excuses less of the other."  *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991)).

Sotheby's satisfies these requirements.  It can show a reasonable likelihood of success on the merits, and permitting this Court's Opinion and Order to take effect will seriously and irreparably harm Sotheby's.  Furthermore, a stay will neither harm Petitioners nor inhibit the

public interest.  Moreover, that a three-judge panel of the Court of Appeals previously granted

Intervenors' motion to stay this Court's earlier Opinion and Order granting Petitioners' first §

1782 petition against Sotheby's strongly counsels in favor of a stay here.  This Court therefore

should grant a stay to preserve the status quo and ensure that Sotheby's may obtain effective

relief from this Court's Opinion and Order should it prevail before the Court of Appeals.

**I.      Sotheby's Has Shown a Likelihood of Success on the Merits.**

The first factor considers the movant's "likelihood of success on the merits."  This does

not "require[] a showing that the movant is 'more likely than not' to succeed on the merits."

*Citigroup Glob. Mkts., Inc.*, 598 F.3d at 37.  Rather, the movant need only "demonstrat[e] 'a

substantial possibility, although less than a likelihood, of success' on appeal."  *Roseman v.*

*Bloomberg L.P.*, No. 14CV2657 (DLC), 2017 WL 5176379, at *2 (S.D.N.Y. Nov. 7, 2017)

(quoting *Mohammed*, 309 F.3d at 101).  Further, "[t]he necessary level or degree of possibility of

success will vary according to the court's assessment of the other [stay] factors."  *Mohammed*,

309 F.3d at 101 (second alteration in original) (quoting *Washington Metropolitan Area Transit*

*Comm'n  v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).

*First*, Sotheby's expects to argue on appeal that § 1782 does not reach evidence located

outside the United States.  *See In re Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) ("[D]espite

the statute's unrestrictive language, there is reason to think that Congress intended to reach only

evidence located within the United States").  As this Court noted, "[m]any district judges in this

Circuit have accepted that argument."  ECF No. 163 at 6 (citing *In re Godfrey*, 526 F.Supp.2d

417, 423 (S.D.N.Y. 2007); *In re Kreke Immobilien KG*, No. 13-Misc.-110 (NRB), 2013 WL

5966916, at*4 (S.D.N.Y. Nov. 8, 2013); *Purolite Corp. v. Hitachi Am., Ltd.*, No. 17 Misc. 67

(PAE), 2017 WL 1906905, at *2 (S.D.N.Y. May 9, 2017); *In re Microsoft Corp.*, 428 F. Supp.

2d 188, 194 n.5 (S.D.N.Y. 2006)).  Indeed, "'[t]he bulk of authority in this Circuit' suggests that

a § 1782 respondent cannot be compelled to produce documents located abroad," *Kreke*, 2013 WL 5966916, at *4 (quoting *Godfrey*, 526 F. Supp. at 423), and the *Gemeinschaftspraxis* decision—on which the Court relied—"is the minority view in the Southern District of New York." *In re Stati*, No. CV 15-MC-91059-LTS, 2018 WL 474999, at *5 n.10 (D. Mass. Jan. 18, 2018).

Further, Sotheby's respectfully disagrees with the Court and the Eleventh Circuit in *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016), that the text of § 1782 supports this view.  The statute permits "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal," § 1782(a), but is silent on whether the district court may order the production of a document or other thing that is located outside the United States.  *Id*. at 1198, 1200.  "When a statute gives no clear indication of an extraterritorial application, it has none."  *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010).

The Opinion and Order suggests that the scope of discovery pursuant to § 1782 is expressly or by implication the same as the scope of discovery under the Federal Rules of Civil Procedure.  ECF No. 163 at 7.  But that is not what the statute actually says.  Rather, § 1782 provides that "the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a).  This language bears upon how discovery is to be taken after a district court determines that discovery is appropriate for use in a foreign proceeding; it does not speak to the extraterritorial question at issue here.  Moreover, the Federal Rules of Civil Procedure are merely default procedures

9

applicable where the court "does not prescribe otherwise." *Id.* Accordingly, the statute does not provide for discovery that is coextensive with the Federal Rules.

Strong policy considerations also support the conclusion that § 1782 does not reach evidence located abroad. Application of the "presumption against extraterritorial application helps ensure that the Judiciary does not erroneously adopt an interpretation of U.S. law that carries foreign policy consequences not clearly intended by the political branches." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 116 (2013). It also furthers § 1782(a)'s twin aims of "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd sub nom. Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241)). Moreover, it avoids situations precisely like the one here, where Petitioners have come to the United States to seek discovery from Sotheby's and its subsidiaries located abroad, including in Switzerland and the United Kingdom, even though (1) there is pending and contemplated litigation between Sotheby's and Petitioners in those jurisdictions, and (2) the production of the discovery sought may violate data privacy laws applicable in those jurisdictions. Surely Congress did not intend to authorize or encourage the reverse situation, where a U.S. party litigating in the United States could go to Switzerland to obtain evidence located within the United States, the production of which would violate U.S. law. While the Court reasoned that "the Eleventh Circuit and the district judges who have held that Section 1782 can reach documents abroad have the better of the argument," ECF No. 163 at 7, we respectfully disagree with that conclusion, and submit that the authorities discussed above more than demonstrate a substantial possibility of success on the merits.

Courts also have found that a party has "sufficiently demonstrated a likelihood of success on the merits" where (as here) "[the] appeal presents an issue of first impression," notwithstanding that "the Court remains confident in the soundness of [its] reasons." *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010); *see also, e.g.*, *Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 474 (E.D. Va. 2011) ("The court is not persuaded to tacitly abandon its ruling and find that the defendants are likely to succeed on appeal. However, as this case is one of first impression that touches on matters of substantial national importance, there is certainly a 'substantial case on the merits.'"); *Simon Prop. Grp., Inc. v. Taubman Ctrs., Inc.*, 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003) (noting that, in considering a request for a stay pending appeal, "a court is not required to find a substantial likelihood that the movant will be successful on appeal. Rather, a movant can satisfy this element where substantial legal questions or matters of first impression are at issue and the equities favor maintaining the status quo.").

*Second*, Sotheby's expects to argue on appeal that the Court failed to consider adequately the import of European data privacy regulations, including the newly implemented General Data Protection Regulation ("GDPR"). The GDPR introduces a more stringent data privacy regime in Europe, providing individuals greater controls over and rights concerning their personal data. Further, those who are "controllers" as defined under the GDPR, like Sotheby's, have greater obligations around the processing of such personal data. Under the GDPR, as under the earlier governing Directive 95/46/EC, "personal data" is defined broadly as "any information relating to an identified or identifiable natural person." GDPR, art. 4(1). The Court incorrectly took a narrow view of what constitutes "personal data" under European law, which extends well beyond "racial or ethnic origin," "political opinions," and "religious beliefs." Furthermore, Sotheby's

must look to act always in accordance with the principles of Article 5 of the GDPR, most notably the principle of "data minimization," which requires that Sotheby's disclose only what is necessary and consider whether the same object can be achieved if any disclosed data can be anonymised or pseudonymised.

*Third*, Sotheby's expects to argue on appeal that the Court erred in its application and weighing of the *Intel* factors, and therefore abused its discretion in granting the petition.  The Court failed to consider Petitioners' *pending* and contemplated foreign litigation *against Sotheby's*, in which Petitioners can and will make use of the contents of the discovery obtained. The Court simply noted that Sotheby's is not a participant in the Monaco criminal proceedings and that "whether Petitioners view Sotheby's as a *potential* adversary" was not relevant.  ECF No. 163, at 8.  But this ignores the pending Swiss civil proceeding, in which Sotheby's and Intervenors have asked a Swiss court to adjudicate Petitioners' claims against them.  These include the same claims that are the subject of the Monaco and Swiss criminal proceedings.  Nor did the portion of the Opinion and Order granting in part the new § 1782 petition mention Petitioners' contemplated UK lawsuit against Sotheby's and Intervenors, which presumably would cover those same claims, and which was the subject of an earlier application by Petitioners to this Court.  In effect, the Opinion and Order permits Petitioners to engage in artful pleading by claiming they seek documents "for use" in foreign proceedings to which Sotheby's is not a party, even though there are other pending and contemplated foreign proceedings— involving the very same dispute—to which Sotheby's *is* a party.

The Opinion and Order further erred in its consideration of the second *Intel* factor.  The second *Intel* factor addresses "the nature of the foreign tribunal, *the character of the proceedings underway abroad*, and the receptivity of the foreign government or the court or agency abroad to

U.S. federal-court judicial assistance." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)

(emphasis added) (quoting *Intel*, 542 U.S. at 264).  Sotheby's respectfully submits that the Court

misapplied the law here in failing to consider the pending Swiss civil proceedings and the

contemplated UK proceedings in assessing the character of the proceedings underway abroad.

The Opinion and Order dispensed with the second factor in a single sentence, explaining that it

"favors an application absent 'proof that [the] tribunal would reject evidence obtained with the

aid of § 1782.'"  ECF No. 163, at 9 (alteration in original) (quoting *Mees*, 793 F.3d at 303 n.20).

The quoted sentence from *Mees*, however, pertained to the Second Circuit's discussion of the

third (not the second) *Intel* factor.  At bottom, whether in connection with the Court's

consideration of the first *Intel* factor or the second *Intel* factor, the Opinion and Order effectively

gives Petitioners § 1782 discovery *against Sotheby's* without requiring Petitioners to satisfy the

legal standard applicable to obtaining discovery against Sotheby's itself.

      Sotheby's therefore has demonstrated a substantial likelihood of success on the merits

across multiple grounds for appeal, although just one is sufficient to weigh in favor of a stay.

## II.     Sotheby's Will Be Irreparably Injured Absent a Stay.

      Absent a stay, Sotheby's will suffer harm that success on appeal cannot cure.

Searching for and producing material from overseas places a significant burden on Sotheby's.

Placing that burden on Sotheby's is particularly unfair here, where Sotheby's and Petitioners

are adversaries in foreign proceedings concerning the very subject matter of the discovery

sought in this action.  There is a pending civil proceeding in Switzerland, and Petitioners

previously represented to this Court that they intend to file suit against Sotheby's in the UK.

Indeed, Petitioners' criminal allegations against Bouvier in Monaco or Switzerland are the

only reason Petitioners can artfully plead that they seek to use the documents in those

proceedings only.  As Petitioners are foreign entities, it is unlikely that Sotheby's could ever obtain comparable reciprocal discovery in those or any other foreign proceedings.

Nor is this the typical case in which there can be an adequate remedy fashioned later, if Sotheby's prevails on appeal.  To be sure, "the compelled production of non-privileged discovery material, *standing alone*, does not constitute irreparable injury warranting a stay pending appeal."  *Gushlak*, No. 11-MC-0218 NGG JO, 2012 WL 2564466, at *7 (E.D.N.Y. Jan. 30, 2012), *R. & R. adopted*, 2012 WL 1514824 (E.D.N.Y. Apr. 30, 2012).  But in cases like *Gushlak*, unlike here, the Court of Appeals "c[ould] 'still fashion some sort of meaningful relief,' such as ordering the destruction or return of subpoenaed documents," even if the moving party complied with the § 1782 subpoenas while the appeal was pending.  *Id.* (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12-13 (1992)).

Finally, once Petitioners have the discovery, the Court cannot meaningfully restrict how Petitioners use its contents, even if they are not formally permitted to use the discovery outside of the Monaco and Swiss criminal proceedings or are later ordered to destroy it.  This will irreparably deprive Sotheby's of a level playing field in the pending civil litigation in Switzerland and in the contemplated UK civil proceeding.  Further, if Petitioners use the discovery in the foreign criminal proceedings, such as by providing it to the foreign prosecutors, neither this Court nor the Court of Appeals has the power to secure its return or destruction.  Indeed, that is precisely what happened during Intervenors' prior appeal:  "[a] three-judge motions panel later granted Bouvier's motion for a stay in its entirety and thus prohibited also the use of the documents in Monaco, *but not before Petitioners had submitted the documents produced pursuant to the district court's order in the Monégasque proceeding*."  *Accent Delight Int'l Ltd.*, 869 F.3d at 127 (emphasis added).

**III.    Petitioners Will Not Be Injured by a Stay.**

A stay pending appeal will not substantially injure Petitioners, whose various § 1782 applications to this Court have spanned more than two years.  As detailed in prior briefing, ECF No. 152, at 22-24, Petitioners already have the most significant material that they need for the pending criminal cases.  Moreover, during the last two years, Petitioners have been less than expeditious in seeking discovery from Sotheby's.  As Intervenors previously explained to this Court, Petitioners first sought to have the Monégasque magistrate obtain documents from Sotheby's in April 2015.  After the magistrate declined to do so, Petitioners could have appealed that decision and forced the investigating magistrate to obtain the requested documents from Sotheby's, but they chose not to do so.  In May 2016, Petitioners renewed their request to the investigating magistrate; again, they were rebuffed but chose not to appeal the decision.  *See* ECF No. 80, at 16; Levy 9/12/2016 Ltr. at 4, ECF No. 47.

Yet in September 2016, Petitioners vehemently objected to Intervenors' request for a stay pending appeal, a stay the Second Circuit subsequently granted, claiming an urgent need to use the documents in Monaco.  Petitioners made the unsubstantiated allegation that the investigating magistrate would likely conclude his investigation by the end of that year.  Kornstein 9/19/2016 Ltr. at 3, ECF No. 49.  That was nearly two years ago, and only now—*after* Petitioners advised the Court that they would be filing suit imminently against Sotheby's in the UK and *after* Sotheby's initiated civil proceedings in Switzerland to adjudicate Petitioners' baseless claims against them—have Petitioners sought additional discovery from Sotheby's.

**IV.    The Public Interest Favors a Stay.**

The public interest here is served by preserving the status quo and allowing Sotheby's to pursue its appeal fully.  This is particularly true where, as here, the appeal "has the substantial possibility of implicating important issues," such as whether § 1782 reaches only evidence

located within the United States. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 131 F. Supp.

2d 540, 543 (S.D.N.Y. 2001).  While § 1782 was designed to ensure "that litigants in

international litigation would have an efficient way to get the discovery they need," *Gushlak*,

2012 WL 2564466, at *8, the public interest is not served by allowing discovery to go forward

before an ultimate ruling on the issues.  Nor is the public interest served by potentially

disadvantaging U.S. parties in foreign litigation, particularly where a stay will alleviate the risk

of harm and will not injure Petitioners.

## CONCLUSION

For the foregoing reasons, the Court should stay its June 11, 2018 Opinion and Order

pending resolution of Sotheby's appeal.

June 15, 2018                                  Respectfully submitted,

                                               /s/  Marcus A. Asner
                                               Marcus A. Asner
                                               Sara L. Shudofsky
                                               ARNOLD & PORTER KAYE SCHOLER LLP
                                               250 West 55th Street
                                               New York, NY 10019
                                               (212) 836-8000
                                               (212) 836-8689 (fax)
                                               marcus.asner@arnoldporter.com
                                               sara.shudofsky@arnoldporter.com

                                               *Attorneys for Respondent Sotheby's, Inc.*

17

### AFFIRMATION OF SERVICE

I, Marcus A. Asner, the undersigned attorney at law duly admitted to practice in the State of New York, affirm that on the 15th day of June, 2018, I caused a copy of the attached to be electronically filed, and that service was accomplished on all counsel of record by operation of CM/ECF.

/s/ Marcus A. Asner