USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/27/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re Application of ACCENT DELIGHT
INTERNATIONAL LTD. and XITRANS FINANCE LTD.
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings

------------------------------------------------------------------------x

16-MC-125 (JMF)
18-MC-50 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

In an Opinion and Order entered on June 11, 2018, familiarity with which is presumed, the Court granted (1) Petitioners' motion for an order authorizing them to use discovery materials they had previously obtained pursuant to Title 28, United States Code, Section 1782 in connection with other foreign proceedings; and (2) a new Section 1782 petition seeking discovery from Respondent Sotheby's, Inc. (Docket No. 163 ("Opinion")).[1] On June 15, 2018, Sotheby's moved for a stay pending appeal. (Docket No. 165).

Upon review of the parties' motion papers, the Court grants in part and denies in part Sotheby's stay motion. The Court agrees with Petitioners that Sotheby's arguments on the merits are not ultimately persuasive. For example, Sotheby's presses two arguments — that the Court ignored the presumption against extraterritoriality in holding that Section 1782 allows for discovery of materials outside the United States (Docket No. 166, at 9-10) and failed to consider "the newly implemented General Data Protection Regulation" (*id.* at 11) — that it did not press in its original papers and, thus, waived. *See, e.g.*, *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132-33 (2d Cir. 2008). Additionally, the Court is inclined to agree with Petitioners that the presumption against extraterritoriality has no bearing on the question decided by the Court, as Sotheby's — the party from whom discovery is sought — is located within the United States. Notably, courts have long construed the Federal Rules of Civil Procedure to allow for discovery of documents located

---

[1] Unless otherwise noted, all docket references are to 16-MC-125 (JMF).

abroad where they are in the possession, custody, or control of a party — even though the Rules do not explicitly speak to such extraterritorial reach. (*See* Opinion 7).

That said, the Court agrees that a stay is warranted to allow Sotheby's to seek appellate review of the Court's holding that Section 1782 can reach documents abroad. As the Court noted, many judges in this Circuit have taken Sotheby's position on that issue. (*See id.* at 6-7 (citing cases)). And the Second Circuit has arguably endorsed it too, albeit in *dicta*. (*See id.* at 7 (citing *In re Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997)). Given that authority, the potential burdens on Sotheby's in complying with the Court's Opinion and Order, and the fact that the proverbial bell cannot be unrung once Sotheby's discloses the information at issue, the Court concludes that a stay is warranted to maintain the status quo while Sotheby's seeks a definitive ruling on that issue from the Second Circuit. *See, e.g.*, *Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (granting a stay pending appeal on the ground that "[the] appeal presents an issue of first impression," even though "the Court remain[ed] confident in the soundness of [its] reasons."); *see also, e.g.*, *Project Vote/Voting for Am., Inc. v. Long*, 275 F.R.D. 473, 474 (E.D. Va. 2011) ("The court is not persuaded to tacitly abandon its ruling and find that the defendants are likely to succeed on appeal. However, as this case is one of first impression that touches on matters of substantial national importance, there is certainly a 'substantial case on the merits.'"); *Simon Prop. Grp., Inc. v. Taubman Ctrs., Inc.*, 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003) (noting that, in considering a request for a stay pending appeal, "a court is not required to find a substantial likelihood that the movant will be successful on appeal. Rather, a movant can satisfy this element where substantial legal questions or matters of first impression are at issue and the equities favor maintaining the status quo.").

By contrast, the Court sees no basis to stay its ruling to the extent that it authorized Petitioners to use discovery they already have in connection with other foreign proceedings or to the

2

extent that it authorized discovery from Sotheby's of materials or information within the United States (including the taking of a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure). Indeed, none of the factors to be considered in weighing whether to grant a stay cut in favor of staying those portions of the Court's ruling. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 426 (2009) (reciting the four factors). Accordingly, Sotheby's motion for a stay pending appeal is GRANTED with respect to the production of materials found abroad and otherwise DENIED.[2]

The Clerk of Court is directed to terminate Docket No. 165.

SO ORDERED.

Dated: June 27, 2018
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[2] Petitioners suggest that electronic documents Sotheby's claims are located on servers outside the United States should not be considered to be located abroad. (*See* Docket No. 170, at 9 ("Sotheby's has never articulated a coherent view of what it means for an email or other electronic document to be 'found' in a given location. It simply assumes, for example, that its employees' emails are found exclusively on its servers.")). There is reason to doubt the merits of that suggestion. *See e.g.*, *In re Search of Info. Associated with [redacted]@gmail.com that is Stored at Premises Controlled by Google, Inc.*, No. 16-MJ-00757 (BAH), 2017 WL 3445634, at *2 (D.D.C. July 31, 2017) (assuming that electronic communications are located where the servers on which they are stored are located); *cf. S.E.C. v. Straub*, 921 F. Supp. 2d 244, 264 n.13 (S.D.N.Y. 2013) (assuming that in storing electronic communications on servers located within the United States, Defendants used an instrumentality of interstate commerce sufficient to confer jurisdiction). In any event, out of an abundance of caution and because Petitioners do not adequately brief the issue, the Court expressly notes that the stay extends to production of any e-mails, files, or documents stored on servers located outside the United States.