UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 16-mc-00125 (JMF)<br><br>*ORAL ARGUMENT REQUESTED* |

**SOTHEBY'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONERS' MOTION FOR LEAVE TO USE PREVIOUSLY PRODUCED DOCUMENTS IN A UNITED STATES PROCEEDING AND IN SUPPORT OF ITS CROSS-MOTION TO REQUIRE PETITIONERS TO RETURN THE DOCUMENTS TO SOTHEBY'S**

**ARNOLD & PORTER KAYE SCHOLER LLP**

250 West 55th Street
New York, NY 10019-9710
T: 212.836.8000
F: 212.836.8689

*Attorneys for Respondent Sotheby's, Inc.*

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................... 1

ARGUMENT ................................................................................................................ 4

I.  PETITIONERS' REQUEST TO USE § 1782 DISCOVERY TO SUE SOTHEBY'S IN THE UNITED STATES SHOULD NOT BE COUNTENANCED ................................................................................................ 4

    A.    Petitioners Are Abusing § 1782 in Seeking to Use, Now Against Sotheby's in the United States, the Documents They Obtained Solely for Use in Foreign Proceedings Against Bouvier ........................................ 4

    B.    Petitioners Mischaracterize the Swiss Civil Suit in An Effort to Undermine the Legitimacy of That Proceeding and Justify Their Purported Need to File Suit Here ................................................................. 5

    C.    Petitioners Seek to Use § 1782 Discovery to Undermine An Ongoing Swiss Civil Suit ............................................................................................ 9

II.  THE COURT SHOULD ORDER PETITIONERS TO RETURN THE DOCUMENTS THEY OBTAINED UNDER § 1782 TO SOTHEBY'S ............ 11

CONCLUSION ........................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Accent Delight Int'l Ltd.*,
    869 F.3d 121 (2d Cir. 2017)................................................................................4, 11, 12

*In re Accent Delight Int'l Ltd.*,
    No. 16-MC-125, ECF No. 128 (S.D.N.Y. Dec. 22, 2017)..............................................4

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
    673 F.3d 76 (2d Cir. 2012)......................................................................................9, 11

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
    No. C-07-5944-SC, 2013 WL 183944 (N.D. Cal. Jan. 17, 2013)................................10

*Nascimento v. Faria*,
    600 Fed. App'x 811 (2d Cir. 2015)..........................................................................9, 10

*In re WinNet R CJSC*,
    No. 16-MC-484 (DLC), 2017 WL 1373918 (S.D.N.Y. Apr. 13, 2017) ........................9

**International Cases**

*Rappo v. Accent Delight Int'l Ltd.*,
    [2017] SGCA 27 (Sing.) ...............................................................................................8

Respondent Sotheby's, Inc. ("Sotheby's") respectfully submits this memorandum (1) in opposition to the motion of Accent Delight International Ltd. and Xitrans Finance Ltd. ("Petitioners") for leave to use, in a new civil suit they have filed in the Southern District of New York against Sotheby's and its parent company ("Sotheby's Delaware"), discovery materials they obtained nearly two years ago from Sotheby's; and (2) in support of Sotheby's request that the Court direct Petitioners to return to Sotheby's (or destroy) all documents produced by Sotheby's to Petitioners in this proceeding.

## BACKGROUND

In their latest application in this proceeding, Petitioners seek permission to use the previously produced Sotheby's documents—documents Petitioners obtained to use in proceedings against Bouvier that were then-pending in Monaco, France, and Singapore—in a new lawsuit Petitioners have filed in this Court against Sotheby's and Sotheby's Delaware (the "SDNY Action"). Petitioners have already been granted permission by this Court to use Sotheby's documents in six foreign proceedings, two of which either are (or would be) against Sotheby's directly. As detailed below, Petitioners' actions, legal maneuvers, and deception now reveal in bright lights Petitioners' intention to misuse § 1782 to get discovery for use against Sotheby's. For the reasons stated herein, the Court should deny Petitioners' request to use Sotheby's documents in a seventh proceeding.

The Court is familiar with many of the facts that form the background to Petitioners' latest request. Sotheby's produced the 972 documents at issue on November 16, 2016, pursuant to an agreement between Sotheby's and Petitioners to narrow the scope of the Sotheby's production in exchange for Sotheby's agreement not to oppose Petitioners' § 1782 application. ECF No. 153 (Declaration of Aimee Scillieri dated

March 13, 2018 ("Scillieri Decl.")) ¶ 9.[1]  Sotheby's made its document production pursuant to the Court's November 1, 2016 Protective Order, which limited use of any discovery obtained by Petitioners to the specifically identified proceedings in Monaco, France, and Singapore.  *See* ECF No. 84 (Protective Order) ¶¶ 2.1, 5.1, 5.2.  Petitioners provided Sotheby's document production to the Monegasque investigating magistrate soon thereafter.  *See* ECF No. 91 (Brief for Petitioners-Appellees) at 13, *In re Accent Delight Internat*, No. 16-3655 (2d Cir. Feb. 23, 2017) ("Appellees promptly used [Sotheby's] documents by providing them to the Monaco magistrate.").  Petitioners also subsequently provided that document production to investigating authorities in the French and Swiss criminal proceedings against Bouvier.  ECF No. 107 (Declaration of Daniel J. Kornstein dated November 6, 2017 ("Kornstein Decl.")) ¶ 11; Declaration of Marcus A. Asner dated October 19, 2018 ("Asner Decl."), Ex. A.

On October 27, 2017, Petitioners notified Sotheby's that it intended to bring suit in the United Kingdom against Sotheby's UK affiliate and one of its London-based employees.  ECF No. 101.  Petitioners' letter, which was filed with the Court and delivered to Sotheby's counsel via ECF, sought permission to use Sotheby's document production in that suit, and stated that the allegations in Petitioners' contemplated proceeding would be "that Sotheby's UK and its agents aided and abetted Bouvier's fraud on Petitioners by, among other things, assisting Bouvier in misleading Petitioners as to the true value of the masterpieces and working in concert with Bouvier to create fraudulent records that lent credence to the artificially inflated prices Bouvier claimed to Petitioners he was paying for the art."  *Id*. at 2.

---

[1] Unless otherwise specified, all docket references herein refer to *In re Accent Delight International Ltd.*, Case No. 16-MC-125.

2

On November 17, 2017, Sotheby's, along with Intervenors Yves Bouvier and MEI Invest Ltd. ("Intervenors"), filed with the Tribunal of First Instance of the Canton of Geneva, Switzerland a notice of conciliation to initiate civil litigation against Petitioners and related persons and entities (the "Swiss Civil Suit").  ECF No. 115-10 to -12 (Declaration of Daniel W. Levy dated November 20, 2017, Ex. J).  Unlike Petitioners' newly-filed SDNY Action, the Swiss Civil Suit includes all of the relevant parties to this dispute:  the relevant Sotheby's parties; Dmitry Rybolovlev and related persons and entities; and Bouvier and the relevant Bouvier-controlled companies.  *Id.*

Since its filing, Sotheby's and Intervenors' civil action in Switzerland has proceeded in a timely fashion at the direction of the Swiss court and pursuant to the Swiss Code of Civil Procedure ("SCCP").  *See* Declaration of Saverio Lembo dated October 19, 2018 ("Lembo Decl.") ¶ 6.  Copies of Sotheby's conciliation filing were promptly served on Petitioners and related parties, and the Swiss court held a conciliation hearing with all parties on April 11, 2018.  *See id.* ¶¶ 7-8.  Pursuant to the SCCP, the Swiss court at that hearing authorized Sotheby's to proceed with its litigation, and directed Sotheby's to marshal and file the documentary evidence in support of its claims by July 11, 2018, which Sotheby's did.  *See id.* ¶¶ 9-10.  After the Swiss court resolves the issue of whether Sotheby's and Intervenors are required to advance costs to support their litigation, and unless Petitioners otherwise delay those proceedings, the Swiss Civil Suit will proceed to the merits of Sotheby's claims.  *See id.* ¶¶ 11, 14.

On October 2, 2018, over ten months after the Swiss Civil Suit was filed, Petitioners filed suit against Sotheby's and Sotheby's Delaware in the Southern District of New York, raising the very same issues being litigated in Switzerland.  That same day,

3

they filed the instant application seeking permission to use the documents previously produced by Sotheby's in the SDNY Action.

## ARGUMENT

I. **PETITIONERS' REQUEST TO USE § 1782 DISCOVERY TO SUE SOTHEBY'S IN THE UNITED STATES SHOULD NOT BE COUNTENANCED**

More than two years after this Court granted Petitioners' application under § 1782, Petitioners seek to use the documents they had represented were needed solely in aid of foreign proceedings against Bouvier in litigation against Sotheby's in New York. As detailed below, with their latest maneuver, Petitioners have crossed the line into the kind of "bad faith or . . . abuse of process" that warrants denial of their application. ECF No. 128 (Dec. 22, 2017 Order), at 3-4 ("Petitioners should be permitted to use the discovery . . . unless Intervenors and Sotheby's can show bad faith or other 'chicanery'."); *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) ("Should such evidence [of bad faith] exist, it could provide good cause for entry of a protective order prohibiting use of the discovery in other proceedings …."); *id.* at 136 ("[D]istrict courts in their discretionary review will be able to weed out abusive Section 1782 applications.").

    A.    **Petitioners Are Abusing § 1782 in Seeking to Use, Now Against Sotheby's in the United States, the Documents They Obtained Solely for Use in Foreign Proceedings Against Bouvier**

Petitioners' request to use the previously produced documents in yet another proceeding—not against Bouvier, and not even in a foreign jurisdiction—is abusive. Petitioners are asking to use against Sotheby's all of the documents they had previously represented were for use solely in foreign proceedings against Bouvier. Pre-litigation

4

discovery is not permitted under the Federal Rules of Civil Procedure, and § 1782 was not designed to serve as an end-run around the Rules.

Petitioners should be required, instead, to pursue any arguments they want to make in support of discovery in the context of their just-filed suit in the United States. While Sotheby's intends to move to dismiss the SDNY Action, and reserves its rights to make arguments in opposition to discovery, any arguments by Petitioners and Sotheby's over the scope of discovery in the SDNY Action should be made in the forum of that suit, following the usual Federal Rules governing civil discovery, and not in connection with Petitioners' misuse of § 1782 to get access to documents for use other than in the foreign proceedings that were the stated predicate for their § 1782 application. Petitioners have been disingenuous about how they intended to use the discovery sought and obtained under the statute, and at this point, having filed suit in the United States, their attempt to use discovery they purportedly obtained for use in foreign proceedings should not be countenanced.

### B. Petitioners Mischaracterize the Swiss Civil Suit in An Effort to Undermine the Legitimacy of That Proceeding and Justify Their Purported Need to File Suit Here

Petitioners' request to use discovery obtained pursuant to § 1782 in the United States is premised in part on their mischaracterization of the parties' ongoing litigation in Switzerland, in an apparent effort to undermine the legitimacy of that proceeding and persuade the Court that Petitioners have little choice but to use the discovery they have obtained from Sotheby's to sue here in the United States. They mischaracterize the proceeding in several ways.

First, Petitioners repeat their false characterization of the conciliation proceeding Sotheby's filed in November 2017 as merely an "invitation to mediate the dispute," ECF

5

No. 179 at 1, despite knowing full well that the filing of that proceeding was the predicate first step required to commence a litigation in Switzerland. Lembo Decl. ¶ 5. Petitioners previously raised this argument with the Court in their February 12, 2018 request to obtain additional discovery from Sotheby's, falsely claiming that the conciliation proceeding was "essentially a nonbinding invitation to Petitioners to mediate the dispute in Switzerland." ECF No. 7 (Petitioners Memorandum of Law in Support of New Petition), *In re Accent Delight Int'l Ltd.*, No. 18-MC-50 (S.D.N.Y. Feb. 13, 2018); *see also* ECF No. 158 (New Petition Reply) at 8 ("[T]he Swiss conciliation proceeding is not a litigation. It is merely an invitation to mediate the dispute before the filing of a merits action."). Sotheby's corrected Petitioners' mischaracterization on April 3, 2018, *see* ECF No. 162 (Sotheby's Sur-Reply) at 3, but Petitioners continue to repeat it, notwithstanding that Petitioners' own statements elsewhere contradict it. *See* ECF No. 1 (Complaint) at 13, *Accent Delight Int'l Ltd. v. Sotheby's*, No. 18-CV-9011 (S.D.N.Y. Oct. 2, 2018) ("Sotheby's filed a civil proceeding in Geneva, Switzerland on November 17, 2017 against Plaintiffs…."); *id.* at 22 ("Sotheby's did not give any advance notice of any kind that it was filing a civil action in Switzerland…."). In fact, in their November 2017 request to use Sotheby's documents in the Swiss Civil Suit, Petitioners explicitly represented that "the dispute between Petitioners and Sotheby's is active and public, and foreign proceedings concerning the merits of that dispute are happening now." ECF No. 121 (Petitioners Reply) at 2.

Second, Petitioners make the spurious claim that, after filing the Swiss Civil Suit, Sotheby's "did nothing to move it forward" and "waited until the last possible day to file a claim on the merits to keep the proceeding alive." ECF No. 179 at 1. Petitioners know

this claim to be false since they are parties to that litigation and have seen it progress as scheduled by the Geneva court.  Specifically, following Sotheby's filing of its notice of conciliation, the Geneva court scheduled a conciliation hearing for April 11, 2018 and duly served Petitioners' counsel with a copy of the notice of conciliation.  Lembo Decl. ¶ 7.  At the conciliation hearing, which took place as scheduled on April 11, 2018 and was attended by Petitioners' Swiss counsel, the Geneva court authorized the litigation to proceed and allowed Sotheby's and its co-claimants three months—consistent with the Swiss Rules of Civil Procedure—to marshal documentary evidence in support of their claims.  Lembo Decl. ¶¶ 8-9.  Pursuant to the SCCP and at the instruction of the Geneva court, Sotheby's and the related co-claimants timely filed a 129-page statement of claim (and 97 exhibits) with the Geneva court setting forth the evidentiary and legal bases for their claims of no liability to Petitioners and related parties.  Lembo Decl. ¶¶ 9-10.  Petitioners' claim that Sotheby's has done "nothing" to move the case forward is demonstrably false.  Moreover, it is perfectly appropriate to use all time allotted to build and put forward the strongest possible case in a critical court filing.

Third, Petitioners claim, without support or explanation, that "[i]t will take years to resolve whether jurisdiction even exists in Switzerland, let alone begin hearing the merits of the dispute."  ECF No. 179 at 1.  As a threshold matter, to the extent there is any delay in Switzerland while the court there assesses Petitioners' seemingly forthcoming challenge to its jurisdiction, it will be *Petitioners* who have elected such a delay by raising a jurisdictional challenge to the litigation.  Lembo Decl. ¶ 14.  It is well within their power to allow those claims to proceed more expeditiously.  *Id.*  Nor is there any basis for Petitioners' suggestion that the merits will not be reached for years, when

Switzerland has one of the most efficient judicial systems in Europe with respect to case dispositions.  Lembo Decl. ¶ 15.

Finally, whether to exercise jurisdiction over the parties' dispute is of course a decision for the Swiss court to make, but there are numerous bases for its jurisdiction: (1) Sotheby's SA, a domiciliary of Switzerland, handled the sale of the first work of art from a Sotheby's entity to Bouvier that was later allegedly resold to Petitioners; (2) Bouvier, against whom Petitioners also assert allegations of wrongdoing and who is also a claimant in the Swiss Civil Suit, is a domiciliary of Switzerland; and (3) several of the agreements for the works serving as the basis for Petitioners' allegations against Sotheby's and related entities were negotiated and executed in Switzerland.  *See* Lembo Decl. ¶ 13.  Moreover, Petitioners themselves filed their criminal complaint against Bouvier *in Switzerland*, on March 8, 2017, alleging "[p]ossible [c]ollaboration by Sotheby's" and referring multiple times to alleged conduct *in Switzerland*.  *See* ECF No. 149 (Declaration of Daniel W. Levy dated Mar. 13, 2018), Ex. A.  Petitioners also willfully ignore the finding of the Singapore Court of Appeal that Switzerland was in fact the *most* appropriate jurisdiction in which to resolve the Rybolovlev-Bouvier dispute, *see* ECF No. 115-5 (Declaration of Daniel W. Levy dated November 20, 2017) (*Rappo v. Accent Delight Int'l Ltd.*, [2017] SGCA 27, ¶ 82 (Sing.)).  Petitioners' attack on the Swiss court's jurisdiction over the parties' dispute, to support their purported need for relief here, is far off base.

Petitioners have repeatedly mischaracterized the nature of the Swiss Civil Suit and cannot credibly claim this is inadvertent.  To the contrary, it is part of their now longstanding effort to convince the Court that the Swiss Civil Suit is somehow not a real

8

litigation. At a minimum, Petitioners owed a duty of candor in describing the first-filed parallel proceeding whose reach they are trying so desperately to avoid. Instead, Petitioners purvey their mischaracterizations of the Swiss proceeding to support the use of § 1782 discovery in a new forum in the United States. Their lack of candor regarding that proceeding is a basis for denying the relief they seek. *Cf. In re WinNet R CJSC*, No. 16-MC-484 (DLC), 2017 WL 1373918, at *9 (S.D.N.Y. Apr. 13, 2017) (denying § 1782 request where "[a] full and fair description of the pertinent litigation may very well have led the court to deny the application" and where "it is difficult to draw any conclusion but that [Petitioner] feared that a candid description of the litigation would have undermined if not defeated its application").[2]

### C. Petitioners Seek to Use § 1782 Discovery to Undermine An Ongoing Swiss Civil Suit

Petitioners' request, in conjunction with their filing of a lawsuit in the United States, is an attempt to undermine a legitimate civil proceeding pending in Switzerland.

In assessing the potential presence of bad faith or abuse of process in connection with Petitioners' request to use discovery obtained under § 1782, the Court should take into account the twin aims of the statute: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012) (citing *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir.1997)); *see also Nascimento v. Faria*, 600

---

[2] As Sotheby's has explained previously to the Court, *see* ECF No. 127 at 3 n.3, Petitioners' claim that Sotheby's misled them and the Court by seeking an extension of time to respond to Petitioners' request to use Sotheby's documents is utterly baseless. *See* ECF No. 179 at 1, 3. Sotheby's sought a brief extension of time just days after Petitioners filed their initial request, given the schedules of Sotheby's and its counsel. ECF No. 127 at 3 n.3.

9

Fed. App'x 811, 812 (2d Cir. 2015) ("[T]he District Court's order quashing the Delta Bank subpoena—because [petitioner]'s discovery efforts were 'inexcusably untimely' and would not provide an 'efficient means of assistance' to the foreign proceedings—was not an abuse of the court's discretion."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *4 (N.D. Cal. Jan. 17, 2013) (approving consideration of whether petitioner was forum shopping in ruling on § 1782 petition). Here, Petitioners' use of § 1782 discovery in their lawsuit in the United States is intended to affirmatively *undermine* a pending foreign proceeding, not support it. This is evidenced by the fact that Petitioners are seeking an injunction in the SDNY Action requiring Sotheby's, all entities under its control, and its employees to *withdraw* the civil claims those persons and entities filed against Petitioners in the Swiss Civil Suit. ECF No. 1 (Complaint) at 24, No. 18-CV-9011. Petitioners should not be permitted to misuse the discovery they obtained under § 1782, under the guise of providing aid to foreign proceedings against Bouvier, to support this maneuver.[3]

Finally, Petitioners' reliance on the Court's prior ruling regarding use of the documents in the United Kingdom—that the "good reasons" the Court attributed to Petitioners' request last year to use discovery in filing suit in the United Kingdom apply with equal force to their lawsuit in the United States—is misplaced, given the arguments set forth above and given Petitioners' years-long delay in bringing this suit. Petitioners have been in possession of Sotheby's discovery materials since November 2016, and sought leave from the Court to use those materials against Sotheby's in the United Kingdom and Switzerland almost a year ago. *See* ECF Nos. 101, 121 at 1. Petitioners

---

[3] Petitioners' argument in support of the requested relief—that Sotheby's violated a tolling agreement between the parties—is groundless, and will be addressed in Sotheby's contemplated motion to dismiss Petitioners' complaint in the SDNY Action.

10

cannot credibly claim to have "learned new facts about Sotheby's conduct" in the interim (from documents that have been in their possession for two years), ECF No. 179 at 5, and Petitioners' demonstrably false claim that Sotheby's has done "nothing" to advance the Swiss litigation since filing it does not support § 1782 relief in aid of a lawsuit that on its face seeks to enjoin an ongoing foreign litigation. *See id.* at 1.  Allowing Petitioners to use § 1782 discovery to torpedo a foreign court's proceeding would surely "run counter to the statute's aims of assisting foreign courts and litigants and encouraging foreign jurisdictions to provide reciprocal assistance to American courts." *Brandi-Dohrn*, 673 F.3d at 83-84.  Petitioners' request should accordingly be denied on this basis as well.

## II.     THE COURT SHOULD ORDER PETITIONERS TO RETURN THE DOCUMENTS THEY OBTAINED UNDER § 1782 TO SOTHEBY'S

Petitioners' abuse of the § 1782 process, in combination with the fact that the purpose for which the documents were sought and obtained has long been satisfied, warrants an exercise of this Court's discretion to order Petitioners to return to Sotheby's (or destroy) the documents in their possession that they previously obtained under § 1782.

Alleged crime victims like Petitioners who seek discovery under § 1782 in support of a foreign criminal proceeding can meet the "for use" requirement of the statute if they establish "the practical ability to inject the requested information into [the] foreign proceeding" by providing it to the foreign investigating authorities. *See Accent Delight*, 869 F.3d at 132 (finding that Petitioners, notwithstanding their abandonment of civil claims in Monaco, "retain[ed] the procedural right to submit the requested documents to the magistrate overseeing the investigation" and therefore could "use" the documents to their advantage).  Once the crime victims have injected the requested documents into the

11

applicable foreign proceeding as authorized by a court, there is no "use" of the documents pursuant to the statute that such a petitioner can undertake. *See id.* at 128 (reasoning that, but for the question of whether Petitioners could also submit documents approved for use in Monaco to criminal authorities in France, Petitioners' submission of the documents to Monegasque authorities would have "mooted" the question of whether Petitioners could make "use" of that discovery as crime victims).

Petitioners submitted the documents sought and obtained from Sotheby's to the applicable foreign criminal authorities long ago. Specifically, the Court authorized Petitioners to submit the Sotheby's documents to investigating authorities in France, Monaco, and Switzerland. ECF Nos. 51, 163. Petitioners concede that they have done so. ECF No. 107 (Kornstein Decl.) ¶ 11 ("Petitioners have submitted the Discovery Materials for use in the proceedings pending in Monaco and France."); Asner Decl., Ex. A ("On June 12, Petitioners did submit the previously obtained documents as part of the Geneva criminal case."). Accordingly, they have accomplished their "use" of those documents under the statute. Having long since satisfied the use for which Petitioners sought and obtained the documents from Sotheby's, there is no basis for their further retention of the documents.

Petitioners, as discussed above, are free to attempt to pursue discovery in connection with their newly filed action against Sotheby's, and while Sotheby's intends to seek dismissal of the complaint and to oppose discovery, the new action is the appropriate forum for resolution of any discovery related issues.

In short, Petitioners have accomplished what the Court granted them permission to do (that is, to use the documents in aid of certain criminal proceedings), and § 1782

has served its purpose. Petitioners' ongoing abuse of the process, including its disingenuous maneuvering—even two years after obtaining the documents—for ways to use those documents against Sotheby's, should not be permitted. The Court should exercise its discretion to order Petitioners to return to Sotheby's the previously-produced documents or destroy them.

## CONCLUSION

For the reasons set forth herein, Respondent Sotheby's respectfully requests that the Court (1) deny Petitioners' motion to use the Sotheby's documents in the United States lawsuit; and (2) direct Petitioners to return to Sotheby's all documents they have obtained from Sotheby's pursuant to this proceeding.

Dated:   New York, New York
         October 19, 2018

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Marcus A. Asner*
      Marcus A. Asner
      Sara L. Shudofsky
      250 W. 55th Street
      New York, NY 10019-9710
      Tel: 212.836.8000
      Fax: 212.836.8689
      marcus.asner@arnoldporter.com
      sara.shudofsky@arnoldporter.com

      *Attorneys for Respondent Sotheby's, Inc.*

13