UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of ACCENT DELIGHT INTERNATIONAL LTD. AND XITRANS FINANCE LTD. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Consolidated Case No. 16-mc-00125 (JMF) |

### DECLARATION OF SAVERIO LEMBO

I, Saverio Lembo, declare as follows:

1.  I am an attorney licensed to practice law in Geneva, Switzerland. I am a partner in the law firm of Bär & Karrer.

2.  I submit this declaration in support of Sotheby's opposition to Petitioners' motion to use documents previously obtained from Sotheby's in a civil action in this Court.

3.  My firm represents Respondent Sotheby's, Inc. and three of its affiliated entities—Sotheby's, of the United Kingdom ("Sotheby's UK"); Sotheby's SA, of Switzerland; and Sotheby's Kunstauktionen Gesellschaft M.B.H., of Austria (collectively, the "Sotheby's Entities"), as well as Sotheby's UK's London-based employee Samuel Valette—in a civil action currently pending before the Tribunal of First Instance of the Canton of Geneva, Switzerland (the "Swiss Civil Suit"). The Sotheby's Entities and Valette filed the Swiss Civil Suit along with Intervenors Yves Bouvier and MEI Invest Ltd. and related entities.

**The Nature of the Swiss Civil Suit**

4.  On November 17, 2017, the Sotheby's Entities filed a notice of conciliation with the court in Geneva seeking a declaration that the Sotheby's Entities and Valette bear no liability to Petitioners or others affiliated with Petitioners.

1

5. In their Memorandum of Law in Support of their Motion under the Protective Order to use Discovery Material, Petitioners incorrectly suggest that the Sotheby's Entities' notice of conciliation was simply an "invitation to mediate the dispute," when in fact it was the predicate first step required to commence a litigation in Switzerland. ECF No. 179 at 1. "*[L]e principe est que la conciliation est obligatoire*" (in English: "[T]he rule is that conciliation is mandatory"). *See* D. Hofmann/C. Luscher, Le Code de procedure civile, 2nd ed., 2015, p. 161; *see also* Decision of the Swiss Supreme Court dated January 14, 2013, 4A_413/2012, ¶ 7; BSK ZPO-Infanger, Art. 197/198, N 1.[1] I understand that Petitioners themselves acknowledged as much when they previously represented that "the dispute between Petitioners and Sotheby's is active and public, and foreign proceedings concerning the merits of that dispute are happening now." *See* ECF No. 121 at 6.

**The Sotheby's Entities' Prosecution of their Claims**

6. Petitioners' claim that the Sotheby's Entities filed their notice of conciliation and then "did nothing to move it forward" is not true. On the contrary, the Sotheby's Entities have continued to prosecute their claims against Petitioners and related parties for a declaration that they owe Petitioners no liability, and the Swiss Civil Suit has continued in due course under the management of the Geneva court.

7. Following the Sotheby's Entities' filing of their notice of conciliation, the Geneva court scheduled a conciliation hearing for April 11, 2018 and duly served Petitioners' counsel with a copy of the notice of conciliation. Attached hereto as Exhibit C is a true and correct copy of the Swiss court's notice to all parties of the scheduled April 11, 2018 hearing.

---

[1] True and correct copies of the two above-referenced authorities are attached hereto as Exhibits A and B.

2

8. The conciliation hearing took place on April 11, 2018 as scheduled and was attended by all parties, including counsel for Petitioners. At the hearing, the Swiss court provided the Sotheby's Entities with the required authorization to proceed with their claims against Petitioners. Attached hereto as Exhibit D is a true and correct copy of the minutes from the Geneva court's conciliation hearing memorializing that court's authorization for the litigation to proceed. Attached hereto as Exhibit E is a separate "Authorization to Proceed" issued by the Geneva court that same day.

9. In accordance with the Swiss Code of Civil Procedure ("SCCP"), the Sotheby's Entities were required to submit a substantiated statement of claim setting forth the evidentiary and legal bases for their claims by July 11, 2018, or three months from the date of the conciliation hearing. *See* Article 209 ¶ 2 SCCP. A true and correct copy of the relevant provisions of Article 209 of the SCCP is attached hereto as Exhibit F.

10. On July 11, 2018, pursuant to the SCCP, the Sotheby's Entities and Valette duly filed a 129-page statement of claim with the Geneva court setting forth the evidentiary and legal bases for their entitlement to a declaration of no liability to Petitioners and related parties. The statement of claim also cited to 97 exhibits in support of the Sotheby's Entities' allegations. Attached hereto as Exhibit G is a true and correct copy of my law firm's July 11, 2018 letter delivering the Sotheby's Entities' statement of claim to the Geneva Tribunal of First Instance.

11. Petitioners are correct that they have yet to be served with the Sotheby's Entities' statement of claim. The Sotheby's Entities are contesting the decision of the Geneva Tribunal of First Instance on an advance of costs. As soon as this issue is resolved, Petitioners will be duly

served with a copy of the Sotheby's Entities' statement of claim.[2]  This is the normal process in Geneva since the Tribunal only serves the statement of claim on a defendant following receipt of the payment of the costs advance.  The Swiss Civil Suit has been validly initiated and is duly pending with the Geneva Tribunal.

**The Swiss Court's Jurisdiction over the Sotheby's Entities' Claims**

12. Petitioners contend that "Switzerland is not an appropriate forum to resolve the dispute between Petitioners and Sotheby's" and that "the proceedings [there] are inadmissible under Swiss law for lack of jurisdiction, among other reasons." ECF No. 179 at 7.  These claims are meritless.

13. As Petitioners themselves note, Swiss courts have jurisdiction over claims against domiciliaries or habitual residents of Switzerland, and over claims in which an allegedly wrongful act took place in Switzerland.  Here, jurisdiction is proper in Switzerland for several reasons:  (1) Sotheby's SA, a domiciliary of Switzerland, handled the sale of the first work of art from a Sotheby's entity to Yves Bouvier that was later allegedly resold to Petitioners; (2) Bouvier, against whom Petitioners also assert allegations of wrongdoing and who is also a claimant in the Swiss Civil Suit, is a domiciliary of Switzerland; and (3) several of the agreements governing the sales of the works of art from the Sotheby's Entities to Bouvier that serve as the basis for Petitioners' allegations against the Sotheby's Entities were negotiated and executed in Switzerland.[3]  Moreover, Petitioners themselves filed their criminal complaint

---

[2] As noted above, however, Petitioners *have* been served with the Sotheby's Entities' notice for conciliation, and are therefore well aware of the nature of the Sotheby's Entities' claims against Petitioners and related parties.

[3] I understand that of the four written agreements signed between Petitioners and Bouvier governing Petitioners' acquisitions of art from Bouvier, all four of those agreements contained clauses stating that Swiss law would govern those agreements and that any disputes arising therefrom would be subject to the exclusive jurisdiction of the courts of the Republic and Canton

against Bouvier *in Switzerland*, on March 8, 2017, alleging "[p]ossible [c]ollaboration by Sotheby's" and referring multiple times to alleged conduct by Sotheby's *in Switzerland*. *See* ECF No. 149 (Mar. 13, 2018 Levy Declaration), Ex. A ¶152-61.  As the Singapore Court of Appeal found in its April 18, 2017 Decision:  "In our view, the tenor, form and substance of the parties' dealings were intimately tied up with Switzerland and Swiss law.  Indeed, we see no substantial connections between those dealings and any other jurisdiction, be it Singapore or otherwise."  ECF No. 115-5 ¶ 82.  According to the Swiss Supreme Court:  "*[S]ous réserve de simples actes préparatoires, tout lieu dans lequel est survenu un événement causal pour le résultat dommageable peut être considéré comme un lieu de l'acte, et créer autant de fors au choix du demandeur*" (in English: "*Aside from solely preparatory acts, any place in which an event occurred having a causal link to the harm done may be considered a place where the act occurred, and thus create as many places of jurisdiction for the Claimant*").  ATF 131 III 153, ¶ 6.2; *see also* ATF 125 III 346, § 4c./aa.  A true and correct copy of excerpts of this authority is attached hereto as Exhibit H.

14.     Petitioners are also incorrect that "[i]t will take years to resolve whether jurisdiction even exists in Switzerland, let alone begin hearing the merits of the dispute."  ECF No. 179 at 1.  First, the Swiss Tribunal's jurisdiction will only become an issue in this case if the Petitioners raise an objection to the Tribunal's jurisdiction.  Absent any challenge from Petitioners, proceedings on the merits will then immediately begin, and there will be no preliminary ruling on jurisdiction since the Tribunal will accept its jurisdiction without any further examination.  As a consequence, it is entirely at the discretion of Petitioners to decide whether they wish to challenge the jurisdiction of the Swiss courts.  By contrast, if Petitioners are

---

of Geneva.  *See* ECF No. 115-5 (*Rappo v. Accent Delight Int'l Ltd.*, [2017] SGCA 27, ¶ 18 (Sing.).

concerned about the timing of these proceedings, they may elect to proceed on the merits without raising any jurisdictional objections.

15. In addition to the above, Swiss legal proceedings are not known to be slow. On the contrary, the Swiss judicial system is known to be particularly efficient—in 2018, the European Commission for the Efficiency of Justice (CEPEJ) ranked Switzerland as one of the most efficient judicial systems in Europe with respect to case dispositions. Attached as Exhibit I is a true and correct copy of the CEPEJ's 2018 Report, within which the CEPEJ notes that Switzerland is one of two European jurisdictions that "have continuously improved and/or maintained stable their positive Clearance Rate." Ex. I at 52. Petitioners are therefore incorrect when attempting to create the false impression that the Swiss proceedings may drag on for years before Petitioners would have an opportunity to address the merits of the case.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at ___Geneva___ on the _19th_ day of October 2018.

                                                  _____
                                                     Saverio Lembo